## Carolina Connelly, administratrix, v. Jeremiah H. Sullivan.

### Gen. No. 11,381.

1. INSTRUCTIONS—*should not relate to the facts.* Instructions should not relate, except indirectly, to the facts of the cause.

2. NOTES—*what evidence of payment of.* A receipt in full is evidence of the highest and most satisfactory character that all money due from the party receiving it to the party making it, including that due upon notes, had been paid.

Action of assumpsit. Appeal from the Circuit Court of Cook County; the Hon. EDWARD P. VAIL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1903. Affirmed. Opinion filed April 5, 1905.

**Statement by the Court.** This is an appeal by the plaintiff, the personal representative of the estate of Patrick Connelly, deceased, from a judgment 'for the defendant, rendered in an action brought upon two promissory notes made by the defendant and payable to the order of Connelly, one for $400, dated July 1, 1894, the other for $175, dated February 9, 1895, and both payable one year after date with interest. The plea was the general issue. The plaintiff put the notes in evidence. The defendant put in evidence the following receipt, signed by Connelly:

"Chicago, Illinois, August 27, 1898.
Received of J. H. Sullivan all moneys which the said J. H. Sullivan owes me up to date; paid in full.
PATRICK CONNELLY."

Plaintiff in rebuttal put in evidence the following instrument signed by defendant:

"August 20, 1898.
I have in my possession $140 belonging to Patrick Connelly.                    J. H. SULLIVAN."

The court instructed the jury that,

"The jury are instructed as a matter of law that the possession by the plaintiff of uncancelled promissory notes,

is *prima facie* proof that such notes remain unpaid, and the burden of proving the payment of such notes is upon the person alleging they have been paid; and unless the jury believe defendant has proven by a preponderance of the evidence, the payment of the notes offered in evidence therein, verdict must be for the plaintiff.

It is for the jury to determine from the evidence what the parties intended in making said receipts, and if they believe from the evidence that the parties did not intend to adjust, and did not adjust said notes, by said receipt, they will disregard said receipt,"

and also for the defendant instructed the jury that,

"The jury are instructed that the receipt introduced in evidence, if genuine, is *prima facie* evidence of payment in full of all moneys owing by J. H. Sullivan to Patrick Connelly at the time of the making of said receipt, and in the absence of any rebutting proof, establishes the fact of payment in full of all money indebtedness of said Sullivan to said Connelly existing at said time.

"If you believe from the evidence that the signature on the receipt introduced in evidence is the genuine signature of Patrick Connelly, then you are instructed that said receipt is evidence of the highest and most satisfactory character of the payment in full by Jeremiah H. Sullivan to Patrick Connelly of all money due him from Jeremiah H. Sullivan at the time of the making of said receipt,"

and refused for the plaintiff to instruct the jury that

"The jury are instructed that receipts are not usually given when promissory notes are paid, but that it is the duty in law, of a person paying promissory notes, to demand their production and surrender to him before he parts with his money; and where there are other and different accounts between the maker of the note and the holder of the note, a receipt on account, or in full of account, and in which receipt no specific mention is made of the note or notes, does not necessarily imply payment of the note or notes, and unless the jury believe the defendant has proven by a preponderance of all the evidence that the notes intro-

duced in evidence have been paid then their verdict must, be for plaintiff."

GEORGE B. QUIGG, for appellant; FRED S. MOFFETT, of counsel.

MORAN, MAYER & MEYER, for appellee.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

It was not error to refuse to give for plaintiff the instruction beginning with the words, "The jury are instructed that receipts are not usually given when promissory notes are paid." Whether receipts are usually given when promissory notes are paid is a question of fact, not one of law. The receipt in evidence was for "all moneys which the said J. H. Sullivan owes me up to date," and the instruction as asked related to the effect of "a receipt on account, or in full of account," and was therefore improper.

The first note became due in 1895, the second in 1896. If any part of said notes remained unpaid August 27, 1898, the moneys due thereon was moneys which Sullivan on that date owed Connelly. The words of the receipt are, "Received of J. H. Sullivan all moneys which the said J. H. Sullivan owes me up to date,—paid in full." The language of the receipt is sufficiently broad to include moneys due on said notes. The plaintiff in rebuttal only put in evidence this document:

"August 20, 1898.
I have in my possession $140 belonging to Patrick Connelly.                          J. H. SULLIVAN."

This paper did not in any way tend to limit the operation of the receipt or to show that the money due on the notes was excepted from its broad and comprehensive terms. In Marston v. Wilcox, 1 Scam. 269, a receipt "in full of all demands" was held *prima facie* evidence of the payment of a note.

The basis of plaintiff's claim in this case is, that Sullivan

on August 27, 1898, owed Connelly the amount of said notes. The receipt of Connelly of that date of "all moneys which J. H. Sullivan owes me up to date" quite as aptly and accurately describes and includes the notes as would a "receipt in full of all demands." It was not error, in our opinion, under the evidence in this case to instruct the jury that the receipt was *prima facie* evidence of the payment of all moneys owing by Sullivan to Connelly at the time said receipt was given, or that such receipt was evidence of the highest and most satisfactory character of such payment. Lyon v. Williams, 15 Ill. App. 27; Winchester v. Grosvenor, 44 Ill. 426; Ennis v. Pullman P. C. Co., 165 id. 161.

The judgment of the Circuit Court will be affirmed.

*Affirmed.*