JEANETTE MENDELSON et al., Plaintiffs-Appellants, v. MILDRED FLAXMAN et al., Defendants-Appellees.

(No. 59140;

First District (4th Division)—September 24, 1975.

Dore & O'Toole, of Chicago (John J. O'Toole, of counsel), for appellants.

Gottlieb and Schwartz, of Chicago (Mark S. Lieberman and James H. Feldman, of counsel), for appellees.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

Plaintiffs filed a claim in the circuit court of Cook County, probate division, against the estate of Sidney Flaxman for the principal of a promissory note in the amount of $47,500. After the claim was paid, plaintiffs filed a complaint and confession on judgment note, claiming interest on the aforementioned note from the date of its execution. A judgment by confession was entered in favor of plaintiffs, and thereafter defendants filed a petition to vacate the judgment. After a hearing on the petition, the judgment against the defendants was vacated.

Thereupon, plaintiffs filed this appeal. Several issues are presented for review, but we deem it necessary to discuss only the following question: whether the trial court's finding that the promissory note in question is not an interest-bearing instrument was against the manifest weight of the evidence.

Jeanette Mendelson and Evelyn Jackson were payees on a promissory note dated October 20, 1964, in the amount of $47,500. Sidney Flaxman, Arthur Flaxman, and Mildred Flaxman appeared on the note as makers. It is uncontroverted that the note was given in consideration for moneys advanced by the payees to Sidney Flaxman, who died on March 6, 1967.

According to the testimony of Miss Mendelson at the hearing on the petition to vacate the judgment, the note was executed in the following manner. After receiving the note, Miss Mendelson inserted in her own handwriting the names of the plaintiffs as payees and a handwritten statement of the amount of the note. She then transmitted the note to Sidney Flaxman and the defendants, and the note was returned to her in a form she regarded as "completed." Miss Mendelson testified that she could not recall whether she inserted the numeral "6" in the space provided for the interest rate at the same time the other portions of the note were filled in or after it was completed by the parties. Although Miss Mendelson insisted that all her entries were in blue ink, the trial

court found that the numeral "6" is written in black ink whereas the remaining entries are made in blue ink.

Plaintiffs filed a claim in the circuit court against the estate of Sidney Flaxman on July 18, 1967, for a total of $81,750. This sum included the principal of $47,500 on the October 20, 1964, promissory note and five personal checks payable to the plaintiffs in the sum of $34,250. Plaintiffs did not claim interest on the promissory note at that time. The claim was signed by both plaintiffs and prepared by Abraham Kosdon, the attorney for the estate. It states in pertinent part:

> "Claimants Jeanette Mendelson and Evelyn Jackson have a claim for $81,750 against this estate which is just and unpaid after allowing all just credits, deductions and setoffs. The nature of the claim is for monies advanced by Jeanette Mendelson and Evelyn Jackson to the decedent in his lifetime as set forth on the day specified and evidenced by check and notes and memoranda hereto attached, evidencing the indebtedness."

Mr. Kosdon, testifying at the hearing on the petition to vacate the confession of judgment on the note, stated that he specifically inquired of plaintiffs while preparing the claim whether any interest was due on the note and was informed by Miss Mendelson that they had nothing coming other than what was set forth. However, Miss Mendelson testified that the claim did not include interest because Mr. Kosdon assured her that Arthur Flaxman would pay the interest, "that the estate was one claim, and the interest would be paid by other parties."

After the claim was allowed, the circuit court granted leave for Miss Mendelson to keep the original note and substitute a photostatic copy therefor. However, the note entrusted to Miss Mendelson disappeared prior to final payment of the claim. Despite her testimony that she kept the original note in a suitcase, Miss Mendelson averred in an affidavit in lieu of bond that the note was stolen from her on August 8, 1967, during a strong-armed robbery about 6:30 or 7 p.m., at or near 1341 West Roosevelt Road in Chicago, Illinois. The affidavit further stated that the purpose of its execution was to induce the executor of the estate of Sidney Flaxman to pay plaintiffs' claim without submitting the original note, and that plaintiffs would hold the executor harmless from any and all claims by virtue of their failure to produce the original note upon which the claim was based.

Plaintiffs were paid a total of $81,750 by the estate in six installments. On May 1, 1968, a receipt was signed by the plaintiffs which states:

> "This is to acknowledge full and complete payment received by us in our claim against the above estate dated the 18th day of July, 1967 and filed and approved by the Probate Court of Cook

County, Illinois in the amount of $81,750.00 and that the same is in full and complete settlement of any claim that we may have against the said Estate."

Miss Mendelson negotiated the final three checks paid to her by the estate by writing the following endorsement on the back of the checks:

"In full payment of claim approved by court on July 18, 1967 and releases the estate of Sidney Flaxman and Arthur Flaxman as Executor."

According to Miss Mendelson, the original note was recovered near the end of 1968. She testified that a "working man" found it and turned it over to her. She did not report its recovery to the police or to the defendants because, "I didn't feel that I got anything by getting this note back."

On April 9, 1969, plaintiffs confessed judgment on the note in the circuit court of Cook County against Mildred and Arthur Flaxman, individually, seeking six percent interest on the note, plus attorney fees. Judgment was entered on April 10, 1969, in favor of plaintiffs in the amount of $12,069.30. Defendants filed a petition to vacate the judgment and, after a hearing before the Honorable John C. Fitzgerald, the judgment was vacated on the grounds that the plaintiffs did not carry their burden of proving it more probably true than not true that the promissory note in question is interest bearing. In reaching its decision, the court noted that the color of ink used to insert the interest rate was different from that used in making the remaining handwritten entries, that Miss Mendelson could not remember whether she inserted the interest rate at the same time the other entries were made or at a later time, and that no claim for interest was made against the estate of Sidney Flaxman in 1967 even though the note was dated in 1964.

The principal issue in this appeal is whether the trial judge's finding that the note did not bear interest was against the manifest weight of the evidence. Plaintiffs submit that this conclusion was error because the note on its face indicates that interest will be paid at the rate of six percent per annum and the circumstances surrounding its execution support this result as well.

■■ In determining the meaning of a contract, the fundamental question is always the intent of the parties. This intent may be gathered from a consideration of the circumstances under which it was made. (*Stevens v. Fanning* (1965), 59 Ill.App.2d 285, 207 N.E.2d 136; *Gay v. S. N. Nielsen Co.* (1958), 18 Ill.App.2d 368, 152 N.E.2d 468.) A court may also consider the conduct of the parties in its performance. Where the parties adopt and act on a certain construction of a contract, the interpretation they place on it affords extrinsic evidence of their intention.

*American National Bank & Trust Co. v. Lembessis* (1969), 116 Ill.App.2d 5, 253 N.E.2d 126; *Keefer Coal Co. v. United Electric Coal Companies* (1937), 291 Ill.App. 477, 10 N.E.2d 210.

In this case, the circumstances surrounding the execution of the note in question support the trial court's conclusion that the parties did not intend to create an interest-bearing instrument. The note on its face recites that interest is to be paid at the rate of six percent. However, the trial judge found that the numeral "6" was inserted with a different color of ink from that used to make the other handwritten entries. Miss Mendelson strenuously denied that different colors of ink were used even when shown the note in open court. She could recall neither using two different pens to fill in the note nor whether the interest rate was inserted at the same time the other entries were made or after the note was signed by the makers.

● ■ Plaintiffs' conduct in enforcing the note also leaves grave doubt in our minds that the note was intended to bear interest. Although the note was dated in 1964, no claim for interest was made against the estate of Sidney H. Flaxman in 1967 when a claim for the principal was filed. After the original note was allegedly stolen, Miss Mendelson executed an affidavit agreeing to hold the executor of Sidney Flaxman's estate harmless from any claims resulting from the disappearance of the original note. When the claim was paid, plaintiffs executed a receipt reciting that payment was received in "full and complete settlement" of their claim. A receipt expressing full payment of all demands is prima facie evidence of payment of all moneys due at the time the receipt is given (*Connelly v. Sullivan* (1905), 119 Ill.App. 469), and the burden of proof rests on the party seeking to impeach a receipt. *Hish v. County of Shelby* (1943), 317 Ill.App. 540, 47 N.E.2d 107.

We note that there was conflicting evidence concerning the intent of the plaintiffs in submitting their claim for the principal of the note without interest. Miss Mendelson, testifying on behalf of plaintiffs, stated that her claim for interest was acknowledged and she was assured that the interest would be paid by the defendant, Arthur Flaxman. The attorney who prepared the claim testified, however, that he asked plaintiffs if they had any other claims, including interest, against the estate, and Miss Mendelson responded that they did not.

The trial judge, sitting without a jury, has a duty to evaluate conflicting evidence and to draw reasonable inferences therefrom. He is in a superior position to evaluate the testimony of witnesses who appear before him. (*Schulenburg v. Signatrol, Inc.* (1967), 37 Ill.2d 352, 226 N.E. 2d 624; *Hutcheson v. Herron* (1970), 131 Ill.App.2d 409, 266 N.E.2d 449.) Thus, where the trial court has seen and heard witnesses and their

testimony is contradictory, we will not disturb its findings unless they are manifestly against the weight of the evidence. *Narowetz Heating & Ventilating Co. v. Solar Sales, Inc.* (1967), 86 Ill.App.2d 387, 230 N.E.2d 37.

■■ In this case, the trial judge heard evidence on the circumstances of the execution of the note and the actions of the plaintiffs in enforcing it. After reviewing the record, we are of the opinion that there was sufficient evidence to support his finding that the note in question was not intended by the parties to bear interest.

Plaintiffs further argue that the trial court should have awarded interest at the rate of five percent as specified in the statute on judgments. (Ill. Rev. Stat. 1963, ch. 77, § 7), when it found that a preponderance of the evidence failed to show that the six-percent rate on the face of the note applied. They rely upon article 3 of the Uniform Commercial Code, which provides in pertinent part:

"Ambiguous Terms and Rules of Construction.
The following rules apply to every instrument:

&ast; &ast; &ast;

(d) Unless otherwise specified a provision for interest means interest at the judgment rate at the place of payment from the date of the instrument, or if it is undated from the date of issue."
Ill. Rev. Stat. 1963, ch. 26, § 3—118(d).

■■ Plaintiffs' conduct in this case is inconsistent with the contention that there was an ambiguity with respect to the rate of interest intended by the parties at the time the instrument was created. They did not raise the question of recovering statutory interest based upon an ambiguous term until a post-trial motion filed after the trial court found in favor of the defendants. Throughout their pleadings and the trial of this matter, plaintiffs maintained that the note, by its terms and without ambiguity, bore interest if at all at the rate of six percent. Moreover, the claim which was filed against the estate of Sidney Flaxman was for principal only, indicating, in our opinion, that plaintiffs did not have a claim for interest at that time. We must, therefore, conclude that the statutory rate of interest governing ambiguous terms is inapplicable.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

DIERINGER, P. J., and ADESKO, J., concur.