*In re* ESTATE OF MARY L. BUDDEKE, Deceased.—(STANLEY S. DAY, Ex'r of the Estate of Mary L. Buddeke, Appellant, *v.* MACNEAL MEMORIAL HOSPITAL ASSOCIATION, Claimant-Appellee.)

First District (4th Division)   No. 76-644

Opinion filed May 26, 1977.—Rehearing denied June 23, 1977.

L. Louis Karton, Ltd., of Chicago, for appellant.

Roy B. Schneider, Jr., Chartered, of Morton Grove, for appellee.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from the circuit court of Cook County. The trial court

allowed a claim against the estate on the basis of a computer printout and in spite of the fact the executor for the estate had a receipt marked "payment in full" for the deceased woman's account.

The only issues we need consider on review are (1) whether or not the trial court erred in admitting into evidence a computer printout without any supporting documentation; and (2) whether or not the trial court erred in refusing to accept the executor's receipt.

The facts of the case are a claim was filed against the estate of the decedent for services, drugs, room charges, tests, etc., allegedly rendered by the hospital from August 4, 1972, to November 25, 1972, when the deceased was discharged from the hospital. Having searched the record, it appears no bill was sent until the executor was notified by a collection service there was a charge of $13 due to the hospital. He sent the hospital the $13, and marked the check as payment in full. The hospital cashed this check and then made a claim for $10,745.19 more than 2½ years after the alleged services were rendered. The record contains no explanation of this time gap between the discharge of the patient and the bill being sent. As evidence of the services allegedly rendered, the claimant produced one witness, a manager of Patient Accounts, who testified as to a computer printout which bore a number of seemingly arithmetical errors. The manager for the hospital testified she did not know anything about how the charges were fed into the computer. She also testified she did not know why the computer would show a balance due of $745.19 and then the next line would say, "Please pay $10,745.19." The executor offered his check, marked "payment in full," as evidence. The trial court allowed the printout into evidence, but denied the check as evidence.

The cases in Illinois on these points are quite clear. In *Grand Liquor Co. v. Department of Revenue* (1975), 36 Ill. App. 3d 277, 282, this court stated:

> "In the instant case, the auditor testified that he used a computer print-out from Springfield to correct the taxpayer's returns. He was not the individual who programmed the computer nor did he know what information was used to program the computer * * * We are aware of the increasing usage of computer and electronic devices to expedite the duties of government, but we must not permit a taxpayer's right to due process to be programmed out of existence."

■■■ In the instant case it was reversible error for the trial judge to admit into evidence a computer printout without some supporting documentation as to what was used to produce the figures on the printout. The claimant should bring someone into court who can testify as to the correctness of the figures on the printout. The estate has the right and the executor has the duty to examine all the charges and credits pertaining to

the account of the deceased. The executor has the right to examine all the books and records of the hospital pertaining to these charges.

■■■ In the instant case it was also reversible error for the trial judge not to admit into evidence the check of the executor marked "payment in full" for the estate. In the case of *Mendelson v. Flaxman* (1975), 32 Ill. App. 3d 644, 648, this court stated:

> "A receipt expressing full payment of all demands is prima facie evidence of all moneys due at the time the receipt is given (*Connelly v. Sullivan* (1905), 119 Ill. App. 469), and the burden of proof rests on the party seeking to impeach a receipt. *Hish v. County of Shelby* (1943), 317 Ill. App. 540, 47 N.E.2d 107."

The trial judge should consider this as a receipt and require the claimant to meet its burden of proof to impeach it. We hold the claimant did not prove its claim by competent evidence.

Accordingly, for the reasons contained herein, the judgment of the circuit court of Cook County is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

LINN and ROMITI, JJ., concur.