A. M. Anderson, Appellant, v. Biesman and Carrick Company, Appellee.

Gen. No. 38,802.

Opinion filed November 4, 1936. Rehearing denied November 27, 1936.

Gilbert F. Wagner, of Chicago, for appellant.

Cooke, Sullivan & Ricks, of Chicago, for appellee; Edwin Hedrick and Malcolm J. Gillis, both of Chicago, of counsel.

Mr. Presiding Justice Denis E. Sullivan delivered the opinion of the court.

This is an appeal from a judgment for costs entered against the plaintiff in an action in assumpsit in the municipal court of Chicago. In the trial court plaintiff sued for services claimed to have been performed for the defendant. The main controversy between the plaintiff and defendant is that defendant insists the statement of claim recites an action based on an express contract. The plaintiff contends that his claim is for an express contract, or at least one for services performed and the reasonable value thereof.

Plaintiff's amended statement of claim reads as follows:

"Plaintiff's claim is for work and labor performed as a machine operator, mechanic, laborer, servant and employe for and on behalf of and at the special instance and request of the Biesman & Carrick Company, defendant, commencing on July 29, 1933, and continuing for a period of ninety-nine and three-sevenths weeks at the rate of fifty dollars ($50.00) per week, representing the agreed upon and reasonable value of said work and labor, or a total of the sum of Four Thousand Nine Hundred Seventy-one and 42/100 ($4,971.42), upon which indebtedness there has been paid the sum of One Thousand One Hundred Ninety and 63/100 Dollars ($1,190.63) leaving a balance due and owing in the sum of Three Thousand Seven Hundred Eighty and 79/100 Dollars ($3,780.79) after allowing to the defendant all just deductions, credits and set-offs.

"Wherefore, plaintiff prays judgment against the Biesman & Carrick Company, defendant, in the sum of Three Thousand Seven Hundred Eighty and 79/100 Dollars ($3,780.79) for wages earned and due, together with legal interest thereon."

To plaintiff's amended statement of claim defendant filed its statement of defense, which reads as follows:

"Statement of defense denies that plaintiff performed work or labor on behalf of or at the special instance and request of defendant for the period commencing July 29, 1933, and continuing for a period of ninety-nine and three sevenths weeks, and denies that the defendant agreed to pay plaintiff for any such services at the rate of $50 per week or in any other amount, and denies that the reasonable value of said alleged work and labor was or is at the rate of $50 a week; denies that the agreed upon or reasonable value of said alleged work and labor was or is a total sum of Forty-nine Hundred Seventy-one Dollars Forty-two Cents ($4,971.42), and denies that defendant is indebted to plaintiff in said amount or any part thereof, and denies that the defendant has paid to plaintiff upon said alleged indebtedness the sum of Eleven Hundred Ninety Dollars Sixty-three Cents ($1,190.63), and denies that there is a balance due and owing by defendant to plaintiff in the sum of Thirty-seven Hundred Eighty Dollars, Seventy-nine Cents ($3,780.79), or any part thereof, and denies that plaintiff is entitled to judgment against the defendant for said amount or any part thereof or interest thereon."

During the trial in ruling upon the evidence the court sustained an objection made by defendant to the plaintiff's question in an endeavor to show how much time he had devoted in working for defendant. Plaintiff's counsel then said: "My statement of claim is not predicated on the contract alone, but on a reasonable amount. I am suing on two theories . . . . I

can't show then the reasonable value?'' ''The Court: All right, show an exception. Let the record show at this time, so there won't be any question about it, that the pleadings in this case show the plaintiff is suing for work and labor performed at the rate of $50 per week, on account of a contract entered into between the plaintiff and the defendant corporation.''

The court evidently took the position that the amended statement of claim would not permit plaintiff to proceed on the theory that, if he failed in proving an express contract, he could not proceed under a statement of claim equivalent to the common counts the same being for the reasonable value of the services if they were performed. The defendant in its affidavit of defense took issue as to both the so-called express contract and the statement as to the *quantum meruit.*

The record does not show any motion was made to strike the pleadings for any alleged insufficiency.

In the case of *Highway Com'rs v. Bloomington,* 253 Ill. 164, the court said: ''An 'express assumpsit,' by the common law, was 'an undertaking made orally, by writing not under seal or by matter of record, to perform an act or to pay a sum of money to another.' An 'implied assumpsit' was defined to be 'an undertaking presumed, in law, to have been made by a party from his conduct, although he has not made any express promise.' (Bouvier's Law Dict.) There were two general forms in the action of assumpsit. 'Special assumpsit' was brought upon an express contract or promise, while 'general assumpsit' was brought upon an implied contract. (2 Smith's Leading Cases, 14.)

''It will thus be seen that there is a general agreement between a special assumpsit and an express contract, and general assumpsit and an implied contract. As ordinarily understood, the only difference between an express contract and an implied contract is, that in

the former the parties arrive at their agreement by words, either oral or written, sealed or unsealed, while in the latter their agreement is arrived at by a consideration of their acts and conduct. (2 Page on Contracts, sec. 771.) In both of these cases there is, in fact, a contract existing between the parties, the only difference being in the character of evidence necessary to establish it. A familiar illustration of an implied contract is, where one person, in the absence of any express agreement, renders valuable services to another which are knowingly accepted by such other, the law will imply a promise to pay a fair and reasonable compensation for such services.''

In the case of *Mowatt v. City of Chicago*, 292 Ill. 578, at page 581, the court said: ''The nature of the undertaking in both these classes of contracts is the same, and both express contracts and contracts implied in fact are founded on the mutual agreement of the parties. The one class is proved by direct, the other by indirect, evidence. One must be proved by an actual agreement, while in the other it will be implied that the party did make such an agreement under the circumstances and conditions disclosed.''

It has been held under common law pleading that where one declares on a special contract he cannot abandon the special contract and recover on the ''*quantum meruit*'' but the rule has been relaxed.

Where the complaint counts upon a special contract and the plaintiff fails in the establishment of the same, but does show that in fact services were rendered, he may recover upon a *quantum meruit*. Such rule has long been the settled law. *Sussdorff v. Schmidt*, 55 N. Y. 319; *Shirk v. Brookfield*, 77 App. Div. 295, 79 N. Y. S. 225.

In this State there has been a studied effort to get away from the so-called technicalities of the common law pleading. The legislature in adopting the Civil

Practice Act (Ill. State Bar Stats. 1935, ch. 110, sec. 33, subsec. 3, ¶ 161; Jones Ill. Stats. Ann. 104.033) provides:

"Pleadings shall be liberally construed with a view to doing substantial justice between the parties."

Section 42, Ill. State Bar Stats. 1935, ch. 110, ¶ 170; Jones Ill. Stats. Ann. 104.042, provides:

"(1)  If any pleading is insufficient in substance or form the court may order a fuller or more particular statement; and if the pleadings do not sufficiently define the issues the court may order other pleadings prepared.

"(2)  No pleading shall be deemed bad in substance which shall contain such information as shall reasonably inform the opposite party of the nature of the claim or defense which he is called upon to meet.

"(3)  All defects in pleadings, either in form or substance, not objected to in the trial court, shall be deemed to be waived."

We are of the opinion that by plaintiff's statement of claim the defendant was reasonably informed in the matter as to plaintiff's position and the evidence which would be brought forward in support thereof.

In the rulings on evidence many errors were committed based doubtless on the court's theory as stated in his remarks as appearing in the record. Inasmuch as this case will have to be retried, it is unnecessary at this time to make further comment.

We are of the opinion that the plaintiff should be permitted to show by competent evidence his transactions with the defendant, and from a careful consideration of that evidence the rights of the parties should be determined. This was not done in the former trial.

The judgment of the municipal court is, therefore, reversed and the cause is remanded for a new trial.

*Judgment reversed and cause remanded.*

Hebel and Hall, JJ., concur.