MALKOV LUMBER COMPANY, INC., Plaintiff-Appellant, *v.* LOU WOLF *et al.*, Defendants—(MOE FORMAN, Defendant-Appellee.)

(No. 54622;

First District—December 3, 1971.

Louis A. Rosenthal, of Chicago, for appellant.

Harry G. Fins, of Chicago, for appellee.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Plaintiff appeals from a judgment in favor of defendant Forman in an action based upon an account stated. Defendant Wolf is not a party to this appeal. On appeal plaintiff contends that it stated a *prima facie* case which defendant failed to rebut and therefore admitted.

In its complaint plaintiff alleged that defendants had a running, open book account for the purchase of building materials, that the account had a balance due of $3516.28 upon an account stated and that although defendants promised to pay the account they have not done so. Defendant Wolf failed to appear or answer. Defendant Forman, *pro se*, filed an answer which essentially denied all of plaintiff's allegations and raised no other defenses. Judgment was entered in favor of defendant Forman and a default order and judgment in the amount of $3371.28 and costs were entered against defendant Wolf.

At trial only two witnesses testified, both on behalf of plaintiff.

Ruth Slifer, bookkeeper for Malkov Lumber Company for ten years, testified that she makes all of the firm's bookkeeping entries. In the regular course of business she posts all charge sales to ledger cards and mails invoices, bills and statements. A ledger card, a permanent record of original entry, representing a true and correct statement of Forman's account was admitted into evidence. It revealed purchases and payments from February, 1964 to July, 1969. Payments on the account were made by both Wolf and Forman.

Ben Glitman, supervisor of bookkeeping for Malkov Lumber Company, testified that he verifies the bookkeeping entries at the firm. On February 1, 1964, he talked with defendants concerning the purchase of material by them for the renovation of 40 to 50 buildings. Wolf and Forman were engaged in this enterprise together and Wolf ordered some of the supplies himself pursuant to an agreement between Wolf, Forman and Malkov Lumber Company. Credit was extended to Forman, not Wolf, and Forman was to pay for the material. From February, 1964 to July, 1969 a running

account was kept reflecting numerous transactions. The entries on that account were a true and correct representation of the account with a balance of $3371.28 due and owing from Forman. Receipts for delivered material have Forman's signature and invoices were sent to Forman after the material had been delivered. Forman received monthly statements of the account which he never disputed. After financial difficulty was experienced with the Forman account pencil notations were placed next to each transaction reflected on the ledger card to indicate whether Wolf or Forman was supervising the work on the particular job to which that transaction related. Sometime later in 1964 Forman told Glitman that written confirmations from Forman should be sent to him if he was to be responsible for anyone's account, and pursuant to that arrangement Forman sent two letters wherein he indicated that he or his firm would be personally responsible for orders which would be placed. One of these letters related to the account which is the subject of this action. No letter was received by Malkov wherein Forman guaranteed the general account of Wolf. Glitman received verifications from Forman on orders received when Glitman was not in the office or orders which related to a property not previously discussed by the parties. Although Wolf's name does not appear on the account, two weeks before trial he gave Glitman a check payable to Forman in the amount of $145 and said that he owed the money and would pay it. Forman, in various conversations with Glitman, promised to pay the account himself and also said that he would try to get Wolf to make some payments. Payments were made but the record does not reflect who made those payments. Six or seven months before trial Wolf offered to pay $2000 in full settlement of the account in question. This offer was refused by Malkov.

*Opinion*

■■ The nature of an action for an account stated was discussed in *Pure Torpedo Corp. v. Nation* (1945), 327 Ill.App. 28 where, at page 32, the court quoting from *Dean & Son, Ltd. v. W. B. Conkey Co.* (1913), 180 Ill.App. 162 said:

In 1 Am. & Eng. Ency. L. & P., p. 688, it is said:

"An account stated is an agreement between parties who have had previous transactions of a monetary character, that all the items of the accounts representing such transactions are true and that the balance struck is correct, together with a promise, express or implied, for the payment of such balance. . . . (p. 689) In stating an account, as in making any other agreement, the minds of the parties must meet. . . . (p. 693) The meeting of the minds of the parties upon the correctness of an account stated is usually the result of a statement of account

by one party and an acquiescence therein by the other. The form of the acquiescence or assent is, however, immaterial, and may be implied from the conduct of the parties and the circumstances of the case. . . . (p. 699) Where an account is rendered by one party to another and is retained by the latter beyond a reasonable time without objection, this constitutes a recognition by the latter of the correctness of the account and establishes an account stated  *  *  *."

Those principles were reiterated in *Dorsey v. Reconstruction Finance Corp.* (N.D. Ill. 1951), 101 F.Supp. 197 *aff'd on other grounds* 197 F.2d 468 (7th Cir. 1952).

■■ It is apparent from an analysis of the evidence in the instant case that plaintiff and defendants entered into numerous transactions for the supply of building materials. Those transactions occurred over a span of time from February, 1964 to July, 1969. The testimony of both witnesses clearly established that the account represented a true and correct statement of those transactions and the balance resulting therefrom. That there was a meeting of the minds of the parties as to the correctness of the account balance is shown by the implied acquiescence of Forman upon his receipt of monthly statements of the status of the account and his failure to register an objection thereto.

Forman contends that plaintiff's witnesses were impeached by their own testimony relating to the meeting of the minds of the parties with respect to the account. Specifically, defendant's argument is that the record shows that the account was really Wolf's and that bills and invoices were sent to Wolf at Forman's office. This contention is not supported by the record.

The title of the account reveals that it was registered to "Moe Forman, 77 W. Washington St., Room 1008, Chicago 2, Illinois." The name of Wolf does not appear on the account except in pencil notations indicating that Wolf was supervising the work on some of the locations to which various transactions related. The record establishes that although both Forman and Wolf were in some way related to these transactions credit was extended to Forman alone. While Forman may have tried to persuade Wolf to make payments on the account, that merely related to Forman's relationship vis-a-vis Wolf and not Forman's relationship vis-a-vis Malkov Lumber Company.

The uncontradicted evidence shows that there was an account stated between plaintiff and defendant Forman. Since the judgment is against the manifest weight of the evidence it will be reversed. *In the Estate of Koss* (1967), 84 Ill.App.2d 59, 71.

■■ Defendant urges that the Statute of Frauds, Ill. Rev. Stat. 1969, ch.

59, par. 1, bars plaintiff's claim.* This contention is without merit. Plaintiff's claim is predicated upon Forman's personal liability and not upon an undertaking by him to be responsible for another's debt or undertaking. Therefore by the terms of the statute itself it is not applicable. *Lusk v. Throop* (1901), 189 Ill. 127, 133.

Accordingly, the judgment of the circuit court is reversed and the cause is remanded with directions to enter judgment in favor of plaintiff in the amount of $3371.28 plus costs.

Reversed and remanded, with directions.

ENGLISH, P. J., and DRUCKER, J., concur.

---

* This section provides in pertinent part:
"That no action shall be brought, * * * whereby to charge the defendant upon any special promise to answer for the debt, default or miscarriage of another person * * * unless the promise or agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person thereunto by him lawfully authorized."