McCANN CONSTRUCTION SPECIALTIES Co., Plaintiff-Appellee, *v.* ALAN CONSTRUCTION Co. *et al.*, Defendants-Appellants.

(No. 57915;

First District (4th Division)—May 23, 1973.

Donald L. Johnson, of Curtis, Marks & Katz, of Chicago, for appellants.

John P. Loftus, of Parson & Loftus, of Chicago, for appellee.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

The plaintiff, McCann Construction Specialties Co., commenced a mechanics' lien foreclosure against Alan Construction Co., a general contractor, and R. Lavin and Sons, Inc., owners of the premises under construction, for materials supplied to a defaulting subcontractor at the construction site. Following a hearing in the Circuit Court of Cook County, the trial court entered judgment in favor of the supplier and against the owner and general contractor. The defendants herein appeal from that judgment.

The issues presented for review are: (1) whether, under the Illinois Mechanics' Lien Act (Ill. Rev. Stat. 1967, ch. 82, §§ 1—39), a supplier may recover the cost of materials supplied to a defaulting subcontractor from the owner and general contractor who have acted in reliance on false sworn statements submitted to them by the defaulting subcontractor; and (2) whether the judgment of the trial court is contrary to the manifest weight of the evidence.

In the spring of 1969, the defendant, Alan Construction Co., a general contractor, was engaged by R. Lavin and Sons, Inc., to begin construction on a site owned by Lavin at 3426 South Kedzie Avenue in Chicago. Pursuant to a written agreement, Alan subcontracted the concrete work on the Lavin site to Thompson Construction Co. In late May, 1969, Thompson defaulted on its contract and left the job. Alan Construction Co. thereafter performed Thompson's incomplete work.

At the time Thompson defaulted, Alan Construction Co. had been furnished sworn statements by Thompson which did not list McCann Construction Specialties Co. as a creditor. Based upon these sworn statements, Alan Construction Co. presented its sworn statement of creditors to Lavin, the owner of the site, which likewise did not list McCann as a creditor. On June 16, 1969, however, McCann, pursuant to section 24 of the Illinois Mechanics' Lien Act, gave notice to the architect for the construction project of a claim of lien in the amount of $2,913.61 for materials delivered to Thompson Construction Co. at the site between the initiation of construction and May 3, 1969. Thereafter, on July 3, 1969, McCann filed its claim for a lien with the Cook County Recorder of Deeds, and on April 3, 1970, filed suit in the Circuit Court of Cook County to foreclose such lien. McCann took such action so as to perfect its claim against a retention account in the amount of $3,894.13 set aside for Thompson Construction Co. by Lavin.

The case was subsequently tried in the Circuit Court of Cook County and on March 31, 1972, judgment was entered in favor of McCann Construction Specialties Co. and against Alan Construction Co. and R. Lavin and Sons, Inc.

The first issue presented for review is whether, under the Illinois Mechanics' Lien Act (Ill. Rev. Stat. 1967, ch. 82, §§ 1—39), a supplier may recover the costs of materials supplied to a defaulting subcontractor from the owner and general contractor who acted in reliance on false sworn statements submitted to them by the defaulting subcontractor.

The defendants contend that under section 24 of the Illinois Mechanics' Lien Act a supplier has two ways of protecting his lien rights, namely, by furnishing notice of his employment to the owner and general contractor himself, or by relying on his immediate employer to do so. Since McCann Construction Specialties Co., the Supplier in the instant case, relied on the subcontractor who had ordered the supplies, Thompson Construction Co., to furnish notice of such employment to the owner and general contractor, and since Thompson Construction Co. failed to convey such notice to the owner and general contractor by submitting a sworn statement which did not list McCann Construction Specialties Co. as a creditor, the defendants argue McCann must bear the loss for any materials supplied. In attempting to support this contention, the defendants have relied on the decisions in *Knickerbocker Ice Co. v. Halsey Bros. Co.* (1914), 262 Ill. 241, and *Sanaghan v. Lawndale National Bank* (1967), 90 Ill.App.2d 254, both of which arose under the Illinois Mechanics' Lien Act.

Pursuant to section 24 of the Illinois Mechanics' Lien Act, McCann Construction Specialties Co., the supplier in the instant case, served notice of its claim for materials supplied to the construction site. Section 24 provides in part:

> "Subcontractors, or party furnishing labor or materials, may at any time after making his contract with the contractor, and shall within sixty (60) days after the completion thereof, or, if extra or additional work or material is delivered thereafter, within sixty (60) days after the completion of such extra or additional work or final delivery of such extra or additional material, cause a written notice of his claim and the amount due or to become due thereunder, to be personally served on the owner or his agent or architect, or the superintendent having charge of the building or improvement ❋ ❋ ❋."

■■ The record clearly reflects the plaintiff delivered concrete supplies to the construction site between February 5, 1969, and May 3, 1969. The record also reflects the plaintiff gave notice of its claim of lien to the architect for the site on June 16, 1969, and thereafter, on July 3, 1969, filed its claim for lien in the amount of the materials supplied with the Recorder of Deeds. Such action by the plaintiff is clearly within the time limits of section 24 of the Illinois Mechanics' Lien Act which re-

quires written notice be served on the owner or his agent or architect within sixty days of completion of the work or the delivery of the materials. Moreover, the instant plaintiff also filed its claim for lien within sixty days of delivery of the materials with the Recorder of Deeds. We, therefore, reject the defendants' contention that the plaintiff must bear the loss for the materials supplied since they had acted on sworn statements which did not list the plaintiff as a creditor, because it is clear the plaintiff acted well within the framework and time limits established by the Illinois Mechanics' Lien Act. Additionally, we find the defendants' reliance on the decisions in *Knickerbocker Ice Co. v. Halsey Bros. Co., supra,* and *Sanaghan v. Lawndale National Bank, supra,* as a basis for supporting their contention to be inappropriate inasmuch as such decisions dealt respectively with no notice of claim being filed by a subcontractor, and with an untimely notice of claim being filed by a subcontractor, as opposed to a timely notice of claim filed pursuant to the statute as is present herein.

The second issue presented for review is whether the judgment of the trial court is contrary to the manifest weight of the evidence.

The defendants contend the plaintiff failed to prove delivery of all items upon which its claim of lien was based. Lacking specific proof of delivery of all such items, the defendants therefore contend the evidence is inadequate to support the judgment of the trial court in awarding the amount claimed by the plaintiff.

■■ Upon a thorough review of the record, which contains delivery tickets and invoices establishing delivery of the materials upon which the plaintiff's claim of lien is based, we necessarily reject the defendants' contention that the judgment of the trial court is not supported by the manifest weight of the evidence.

For the reason stated herein, the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

ADESKO and JOHNSON, JJ., concur.