L. L. WINGLER, Plaintiff-Appellee, *v.* EDWIN A. NIBLACK, Defendant-Appellant.—(MUTUAL HOME AND SAVINGS ASSOCIATION, Defendant.)

Fourth District   No. 14579

Opinion filed March 31, 1978.

Fuller & Hopp, of Decatur (Glenn O. Fuller, of counsel), for appellant.

Elmer C. Hawkins and Gregory A. Mattingley, both of Woollen, Brown, Hawkins & Basola, of Decatur, for appellee.

Mr. PRESIDING JUSTICE REARDON delivered the opinion of the court:

The defendant, Edwin A. Niblack, seeks reversal of a $22,562.55 judgment entered against him in a suit to enforce a mechanic's lien.

The parties originally entered into an oral agreement whereby the plaintiff agreed to install cedar siding and a redwood deck to defendant's home and garage. The parties allegedly agreed that the total cost of the original project would be $4,800; $3,200 for the siding and $1,600 for the deck. Subsequent to installation of the siding and prior to commencement of the deck work, the parties allegedly agreed that the plaintiff would install a room addition over the garage instead of the deck. Apparently, there was no definite understanding as to the cost of the room addition. Defendant testified that the plaintiff agreed to construct the room for $2,000 more than the $1,600 estimate submitted for the deck. Plaintiff testified that defendant reviewed a rough plan for the addition and directed plaintiff to proceed with work on the room addition without agreeing to a definite increase in price.

After a trial at which the plaintiff submitted evidence showing that he put new cedar siding on defendant's home, constructed a 20' x 14' room, and 8' x 10' walk-in closet, and performed extensive insulation, electrical, and miscellaneous work necessary to incorporate the new addition into the remodeled structure, the court awarded the plaintiff a judgment for $22,562.55.

On appeal, the defendant filed a brief which fails to conform to the

requirements of Supreme Court Rules 341(e) and 344(b) (58 Ill. 2d R. 341(e), 344(b)). After carefully reviewing that brief, it appears to us that the defendant essentially contends that the trial court's judgment is erroneous, excessive, and contrary to the manifest weight of the evidence. We disagree.

■■ The mechanic's lien was unknown at common law but was created in Illinois by enactment of the Mechanics' Liens Act (Ill. Rev. Stat. 1973, ch. 82, pars. 1-39). The lien rights created are, therefore, entirely governed by the Act and not by the rules of equity jurisprudence. Indeed, any deviation from this principle by the courts in expanding or contracting the literal provisions of the law places the courts in the position of impermissibly exercising a legislative function.

Extras are probably the largest single factor creating disputes between owners and contractors. An owner is frequently carried away during the course of construction and orders or consents to extras without fully understanding their ultimate impact on his cost. The contractor who supplies the extras does not have to tender a competitive bid in order to obtain the work. There is, therefore, a tendency of the part of some contractors to charge more for extras than the ordinary markup used in bidding for the work. The colorful comments of the trial judge certainly indicate that he felt this was the case here, although we need not reach that question because the record discloses that the judgment he entered was not contrary to the manifest weight of the evidence.

■■■ According to *Watson Lumber Co. v. Guennewig* (1967), 79 Ill. App. 2d 377, 390-91, 226 N.E.2d 270, a contractor seeking to recover for extras must establish by clear and convincing evidence: (1) that the extras were outside the scope of his original contractual promises; (2) that the owner requested the extras; (3) that the owner, by words or conduct, agreed to pay extra; (4) that the contractor did not voluntarily proceed with the extra work; and (5) that the extras were not necessitated by reason of some default by the contractor. In the instant case, however, the parties' original agreement called for the installation of cedar siding and replacement of a redwood deck. It was the defendant who suggested, during the course of construction and subsequent to completion of the siding work, that the room addition be constructed instead of the deck. Clearly, then, the extras were outside the scope of the original agreement, were requested by the defendant, and were not voluntarily added by the plaintiff. By permitting the construction to proceed on his home, under his very eyes, defendant impliedly agreed to pay a reasonable price for the extras. The extras could not have been necessitated by some default of the plaintiff because they were totally dissimilar to the construction originally agreed to. Also, when the extras were ordered plaintiff had not yet begun work on the proposed deck.

In the instant case, the parties were in direct communication before and during the construction and each understood the nature and extent of the work being done. Section 1 of the Act provides: "Any person who shall by any contract or contracts, express or implied, or partly expressed or implied, with the owner of a lot or tract of land, or with one whom the owner has authorized or knowingly permitted to contract, to improve the lot or tract of land, furnish material, [or] fixtures * * * in the building, altering, repairing or ornamenting any house or other building, * * * is known under this Act as a contractor, and has a lien upon the whole of such lot or tract of land * * * for the amount due to him for such material, fixtures, apparatus, machinery, services or labor, and interest from the date the same is due." Ill. Rev. Stat. 1973, ch. 82, par. 1.

■■ The defendant does not contend that the plaintiff failed to improve his home and garage in the agreed-upon fashion. Rather, defendant contends that the evidence fails to support the judgment of the trial court which awarded the amount claimed by the plaintiff. Our thorough review of the record, however, discloses numerous delivery invoices, statements, and labor time cards which clearly support plaintiff's claim of lien. Although the parties' agreement did not fix a definite price for the material and work supplied, the trial court correctly found an implied contract that the price for the material should be reasonable cash market value and the price for the labor should be that customarily obtained for similar work. The record reflects that the judgment, when measured by these standards, was not contrary to the manifest weight of the evidence. *Fehr Construction Co. v. Postl System of Health Building* (1919), 288 Ill. 634, 641, 124 N.E. 315; *McCann Construction Specialties Co. v. Alan Construction Co.* (1973), 12 Ill. App. 3d 206, 209, 298 N.E.2d 222.

For the foregoing reasons, we affirm the judgment entered by the trial court.

Affirmed.

MILLS and TRAPP, JJ., concur.