GEORGE A. HEMENOVER, d/b/a George A. Hemenover, General Contractor, Plaintiff-Appellee, v. PAUL F. DePATIS et al., Defendants-Appellants.—
BEAVERVILLE GRAIN AND LUMBER COMPANY, Plaintiff-Appellee, v. PAUL F. DePATIS et al., Defendants-Appellants.

Third District   Nos. 79-994, 79-995 cons.

Opinion filed July 22, 1980.

Rick Janov, of Manion, Janov & Edgar, Ltd., of Hoopeston, for appellants.

Ronald E. Boyer, of Fleming & Boyer, of Watseka, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is a consolidated appeal from two money judgments entered by the circuit court of Iroquois County after a bench trial. Judgment was entered in favor of George Hemenover, d/b/a George Hemenover, General Contractor, in the amount of $9,934.60 and Beaverville Grain and Lumber Company in the amount of $8,713.67 on their actions under the Mechanic's Lien Act.

During November 1976, homeowner DePatis asked Curt Orr, manager of Beaverville, for an estimate as to the cost of building an addition to the DePatis home. Orr then conferred with contractor Hemenover about supplying labor. Both Orr and Hemenover went to the DePatis home to discuss the work to be done. The original proposal was to include a 30-foot by 34-foot addition with a kitchen, new bathroom, new living room, new bedroom, enlargement of an existing bedroom, entryway to the basement, certain remodeling of the existing house, and the digging of a basement and the pouring of the basement floors.

Later that month Orr and Hemenover told DePatis they would do the work for $27,700. DePatis alleges this was a firm offer with a ten percent leeway. Hemenover and Beaverville allege it was just an estimate.

After the work began DePatis asked for an estimate for a garage and breezeway. Hemenover quoted a price of $7,000, and DePatis accepted that figure. While work was being done on the addition, several changes from the original proposal were agreed to by DePatis and Hemenover. At some time during these discussions Hemenover told DePatis that it would be to DePatis' advantage to pay for the work on a time and material basis rather than a flat fee basis, and Hemenover alleges that DePatis agreed; however, DePatis denies the existence of such an agreement. DePatis did agree to do certain work himself in order to reduce the cost of labor.

In April 1977, DePatis paid Hemenover $6,000, and in August 1977, he paid him $12,000. In June 1977, DePatis paid Beaverville $15,000. After the August 1977 payment to Hemenover, DePatis received bills totaling $4,315 from subcontractors, which he paid.

In February 1978, four or five months after the major part of the work had been completed, Hemenover and Orr asked DePatis for $18,648.27. DePatis refused to pay any further amounts because it was his position that they had been paid in full.

Hemenover and Beaverville then brought separate actions under the Mechanic's Lien Act for building materials and labor provided in the construction of the addition. The actions were consolidated for bench trial.

At trial Hemenover testified regarding his time records and the work done by his employees. Hemenover posted the hours in the record book every morning. He knew how many hours were worked because he went out to every job every day. He did not stay on the job site to assure that his men worked their assigned hours; however, he assumed that they worked the assigned hours. There were entries for other jobs in the record book. The contracts for those jobs required payment of a fixed price rather than an hourly rate. Entries reflected Hemenover's attempt to determine the accuracy of his bid on the fixed price job. The trial court limited cross-examination about these entries because they were irrelevant.

Hemenover also testified that he was the supervisor of the project and ordered all supplies, except some paint, from Beaverville. He made all the decisions on the project and had the authority to act on Beaverville's behalf.

Donald Hemenover testified that although the roofs and floors of the old house and new addition were to be flush, they were not because an 8 x 8 beam in the old house was not level. DePatis was charged for the time and material used to correct the 2½- to 3-inch difference. On cross-examination Hemenover admitted that although he had been on the job site and inspected the construction, he had been told about the 8 x 8 beam and had not inspected it himself. DePatis moved to strike the testimony as hearsay. The trial court ruled that although the testimony was hearsay it had probative value and was admissible.

Curtis Orr testified that when materials are delivered by Beaverville, a counter ticket is written. The counter tickets were posted to a daily journal, a customer account column, and to the customer ledger. Orr could not tell from the invoices who delivered the materials or who ordered them. He could recall that orders were placed by Hemenover, his employees, and DePatis. There were no delivery receipts, and none of the invoices were signed or receipted. Orr further testified that Beaverville did not deliver goods to Hemenover for use on other jobs while Hemenover was working on the DePatis job. Orr also testified that the figure quoted to DePatis was just an estimate, and the price of the addition was to be determined on a time and material basis.

Orr testified that Hemenover had no authority to act on Beaverville's behalf in submitting proposals to DePatis. Orr admitted that in his pretrial deposition he stated Hemenover had the authority to make a proposal to DePatis which would bind Beaverville. The trial court refused to admit the prior statement into evidence as an admission by Orr but did permit the use of the statement for impeachment.

Hemenover and Beaverville also introduced testimony from another contractor and building material supplier that the prices charged by them were the reasonable market value for the materials and less than the customary charge for labor.

At the close of plaintiffs' evidence DePatis moved for judgment, alleging Hemenover and Beaverville had not met their burden of proof. The trial court denied the motion. DePatis then testified that the contract was for a fixed price and not material and time. The fixed price was less than the Hemenover and Beaverville claims. Even though additions to the contract were made most of these additions had a predetermined price. DePatis understood that there could be a leeway of 10 percent up or down on the price, but he had been told by Hemenover that many of the changes could be made for next to nothing.

A contractor called by DePatis testified that the 2½- to 3-inch difference between the new addition and old house was the fault of Hemenover and that he should bear the cost.

After the close of all evidence, the trial court ordered judgment in favor of Hemenover for $9,934.60 and in favor of Beaverville for $8,713.67.

On appeal DePatis argues that the trial court erred in denying his motion for judgment at the close of plaintiff's evidence; the court erred in finding that there was a contract for time and material rather than a specific bid; the court erred by not allowing extensive cross-examination of Hemenover regarding his time records; the court erred in allowing hearsay testimony; the court erred in finding Beaverville was a contractor; the trial court erred in excluding testimony regarding an agency relationship between Beaverville and Hemenover; and the court erred in finding that the reasonable value of labor and materials was $18,648.27.

Section 64(3) of the Civil Practice Act states, "In all cases tried without a jury, defendant may, at the close of plaintiff's case, move for a finding or judgment in his favor. * * * If the ruling on the motion is adverse to the defendant he may proceed to adduce evidence in support of his defense, in which event the motion is waived." Ill. Rev. Stat. 1979, ch. 110, par. 64(3).

DePatis concedes that his motion for judgment at the close of plaintiffs' case was waived when he presented evidence at the bench trial. *Brady Brick & Supply Co. v. Lotito* (1976), 43 Ill. App. 3d 69, 356 N.E.2d 1126.

■■ The major dispute between DePatis and Hemenover and Beaverville is whether the contract for the construction of the addition required payment of a definite price or payment on a time and material basis. When there is disagreement as to the terms of an oral contract, the trial court must determine what the parties intended when they entered into the contract. In order to determine the intent of the parties the court must examine the circumstances and the actions of the parties. (*Cedar Park Cemetery Association v. Village of Calumet Park* (1947), 398 Ill. 324, 75 N.E.2d 874.) In the instant case the parties did not enter into a written contract. DePatis received a price quotation from Hemenover and Beaverville which he alleges was a firm price. However, as is the custom with construction contracts, several changes from the original proposal were made during construction. Price quotations were given for some changes and not for others. Hemenover and his workmen ordered some of the materials used and DePatis ordered others. DePatis did some of the labor himself in order to reduce costs. The trial court, after reviewing the circumstances and the conduct of the parties, determined that they intended to contract on a time and material basis. We believe that there was sufficient evidence to support that determination. We will not disturb

the decision of a trial court merely because another conclusion could have been drawn from the evidence. *General Grocer Co. v. Bachar* (1977), 51 Ill. App. 3d 907, 365 N.E.2d 1106.

■■ Once it determined that the parties had entered into a time and material contract, the trial court had to determine how much, if anything, was owed to Hemenover and Beaverville. DePatis argues that the court erred in finding that Hemenover was owed $9,934.60 and Beaverville was owed $8,713.67. When there is no definite price agreed upon by the parties, the price for the material intended for the construction is its reasonable cash market value and the price for the labor is that customarily obtained for similar work. *Wingler v. Niblack* (1978), 58 Ill. App. 3d 287, 374 N.E.2d 252.

■■ At the trial Hemenover testified regarding the time spent on the construction. There were apparently some discrepancies in the records, especially those records which were kept on contract jobs. The trial court refused to allow extensive cross-examination of Hemenover regarding records on the fixed price contract jobs because Hemenover was not required to keep time records on these jobs. We believe that the trial court properly limited cross-examination. Entries made in the time records for jobs with a fixed price rather than an hourly rate are irrelevant in the examination of time and material jobs.

At trial, Curt Orr testified that certain materials were furnished by Beaverville for the DePatis job. There was some dispute whether the materials were properly receipted, but it is apparent from the testimony that the materials were used in the construction.

■■■ DePatis argues that the trial court erred in admitting testimony from Donald Hemenover that DePatis was charged for correcting a 2½- to 3-inch step-up on the flooring, raising the old porch. Donald stated that although the floor and roof were to match according to the original proposal, the charges were made because the error was caused by an 8 x 8 beam in the old house that was not level. This beam prevented the matching of the two sections without extra material and labor. On cross-examination Donald admitted that although the floor and roof were to match according to the original proposal, the charges were made because the error was caused by an 8 x 8 beam in the old house which was not level. This beam prevented the matching of the two sections without extra material and labor. On cross-examination Donald admitted that he had been told that the 8 x 8 beam was not level and that he had not examined the beam. DePatis moved to strike the testimony as hearsay. The trial court denied his motion because the testimony had probative value. Hemenover and Beaverville argue that even if the trial court erred in admitting the testimony, the error was harmless. We do not know of any exception to the hearsay rule which would permit the admission of Donald's testimony regarding the 8 x 8 beam. Illinois law is very clear.

Unless the hearsay evidence is within one of the exceptions to the rule, it is not admissible. (*Kennedy v. Modern Woodmen of America* (1910), 243 Ill. 560, 90 N.E. 1084.) We find that the statement was offered in order to prove the beam was not level and not merely that Donald had been told the beam was not level. Therefore the statement was clearly hearsay, not within an exception, and inadmissible. We do not find that the error was harmless, since the cost of correcting the 2½- to 3-inch difference was substantial and a serious question was raised regarding what caused the difference.

DePatis argues that the trial court erred in finding Beaverville was a contractor. If Beaverville were a subcontractor rather than a contractor, it would be bound by Hemenover's bid. Since we have found that the trial court properly determined that DePatis was to pay for the addition on a time and material basis rather than a fixed price basis, we find this argument without merit.

DePatis further argues that the trial court should have admitted the pretrial statements of Orr as an admission of an agency relationship between Beaverville and Hemenover. If the trial court had found that Beaverville was responsible for the actions of Hemenover, then Beaverville's only recourse would be against Hemenover. We find this argument without merit for the same reason.

We affirm the judgment of the trial court that the contract between DePatis and Hemenover and Beaverville was for time and material and not a specific price. Since we have found that the trial court considered inadmissible hearsay evidence in determining the amount owed to Hemenover and Beaverville, we remand this cause to the trial court for further proceedings to determine the amount due each plaintiff.

For the reasons stated above, the judgment of the circuit court of Iroquois County is hereby affirmed in part and reversed in part and remanded for further proceedings.

ALLOY, P. J., and BARRY, J., concur.