PROTESTANT HOSPITAL BUILDERS CLUB, Plaintiff-Appellee, *v.*
FLORENCE GOEDDE *et al.*, Defendants-Appellants.

Fifth District    No. 80-38

Opinion filed August 4, 1981.

John P. Long, of Lebanon, for appellants.

William A. Schmitt, of Pope and Driemeyer, of Belleville, for appellee.

Mr. PRESIDING JUSTICE KASSERMAN delivered the opinion of the court:

Plaintiff, Protestant Hospital Builders Club, Inc., brought an action in the circuit court of St. Clair County against Florence and Albert Goedde, defendants, to recover the costs of materials and services which it furnished to Albert Goedde while he was a patient at its convalescent home. The cause was tried without a jury, and judgment in the amount of $24,863.40 was entered in favor of plaintiff and against defendants on all four counts of the amended complaint. Defendants appeal from this judgment, contending that plaintiff has failed to prove that its charges reflect a reasonable price for the goods delivered and services rendered.

The first three counts of the amended complaint, which was filed January 12, 1979, pertain exclusively to Florence Goedde. Count I alleges that from August 1977 through November 1978, certain materials and services worth $13,479.45 were supplied to Florence and Albert Goedde by plaintiff. It is further alleged that Florence Goedde has refused to pay this sum and that, pursuant to section 15 of "An Act to revise the law in relation to husband and wife" (Ill. Rev. Stat. 1979, ch. 40, par. 1015), she is indebted to plaintiff for the aforementioned amount. Count II alleges that Florence Goedde entered into a written agreement whereby she obligated herself to remunerate plaintiff for the cost of materials and services which it supplied to Albert Goedde; that plaintiff has not been compensated for goods and services provided from August 1977, through November, 1978; that the unpaid balance for this period equals $13,479.45; and that pursuant to the written agreement, this amount is due and owing from Florence Goedde to plaintiff. Count III seeks the same measure of damages from Florence Goedde under the theory of unjust enrichment and alleges that Mrs. Goedde received a benefit in not having to furnish care and treatment for her husband while he was a nonpaying resident at plaintiff's convalescent home. Count IV, subsequently added to the amended complaint by leave of court, is a forcible entry and detainer action against Albert Goedde, alleging that he unlawfully held a part of plaintiff's premises and that he is indebted to plaintiff in the amount of $18,337.20. Plaintiff successfully moved to amend its prayer for relief in all four counts to $19,459.30 prior to trial.

The case was tried and all evidence was introduced by stipulation of

the parties at a hearing conducted on May 10, 1979. Admitted into evidence was Plaintiff's Exhibit No. 1, which consisted of monthly statements of account sent to Florence Goedde for the months of August 1, 1977, through April 24, 1979. The statements are itemized bills totalling $19,459.30 for the materials and services supplied to Albert Goedde. Plaintiff's Exhibit No. 2, a written agreement allegedly executed by Florence Goedde on January 25, 1965, was also admitted into evidence by stipulation. The agreement is an application for admission of Albert Goedde to the Memorial Nursing Home, Belleville, Illinois, and obligated Florence Goedde to obey certain terms and conditions, including the following:

"1. That the parties are entering into a contractual relationship for supplying service and care as a chronically ill person to *Albert Goedde*.

❋   ❋   ❋

7. Patient agrees to pay the charges for service, care and facilities furnished in advance at least monthly and further agrees that such charges may be altered by the Home at its discretion.

❋   ❋   ❋

I, *Florence Goedde*, who have [*sic*] executed the above and foregoing application of *Albert Goedde* for admission to the Memorial Nursing Home, acknowledge that I agree to be bound by the terms and condition [*sic*] of the application.
DATE: 1/25/65

                    Florence Goedde
Signature of person responsible
or patient."

The record is not clear as to plaintiff's rights under the agreement since it apparently was not an original party to it. However, since plaintiff's standing to prosecute its claim under the agreement is not challenged by defendants on appeal, we will assume that plaintiff lawfully acquired the rights of the Memorial Nursing Home under the agreement and will treat plaintiff as if it were a party to the agreement. At the hearing, the parties further stipulated that had Pat Adams testified, she would have stated that she was an employee of plaintiff and that the bills grouped as Plaintiff's Exhibit No. 1 were accurately compiled. Expressly excluded from the stipulation was any acknowledgement that the bills were fair, proper, or reasonable.

■■ The case was taken under advisement; and judgment was entered on September 25, 1979, in plaintiff's favor as to all counts in the amount of $24,863.40. Defendants appeal from this judgment, contending that plaintiff failed to prove the damages sought either under the written

agreement or on the theory of *quantum meruit*. Defendants in their brief do not formally challenge the validity of the agreement, nor do they offer any grounds as to why it should not be enforced. Their only quarrel is that plaintiff failed to establish at trial the amount of its damages. Therefore, the agreement between Florence Goedde and the Memorial Nursing Home has been established to be an enforcible express contract; and consequently plaintiff may not recover on the basis of *quantum meruit*. See *Wolf v. Booker* (1901), 97 Ill. App. 139, *rev'd* (1902), 195 Ill. 365, 63 N.E. 265; *Anderson v. Biesman & Carrick Co.* (1936), 287 Ill. App. 507, 4 N.E.2d 639.

Defendants urge that the judgment be reversed due to plaintiff's failure to offer proof that the charges listed in the monthly statements of account were reasonable. Defendants contend that such proof is necessary because the agreement does not specify a definite price to be charged for the materials and services. Plaintiff argues that paragraph 7 of the agreement expressly provides what price is to be charged. Therefore, it contends that proof as to the reasonableness of the bills is immaterial and that the judgment should be affirmed.

■■■ In Illinois in situations where there is a contract, express or implied, under which one party supplies articles or services to another and there is no provision setting out the amount the supplier is to be compensated, the law implies that there is an agreement to pay a reasonable price for the goods and services. (*Wingler v. Niblack* (1978), 58 Ill. App. 3d 287, 374 N.E.2d 252; *Wing v. Lederer* (1966), 77 Ill. App. 2d 413, 222 N.E.2d 535; *Fehr Construction Co. v. Postl System of Health Building* (1919), 288 Ill. 634, 124 N.E. 315.) To recover under a contract of this nature, the supplier has the burden of proving that his charges for materials and services rendered are reasonable. A statement of account, standing alone, is not proof of the reasonableness of a supplier's charges. *Wing v. Lederer.*

■■ Initially, we must determine whether the agreement executed by Florence Goedde is indefinite with respect to price so as to require proof of the reasonableness of plaintiff's charges. We hold that it is. The only reference to compensation under the contract is paragraph 7, which states:

> "Patient agrees to pay for Service, care and facilities furnished in advance at least monthly and further agrees that such charges may be altered by the Home at its discretion."

Paragraph 7, in essence, vests in plaintiff unrestricted discretion in determining what price it will charge for its materials and services. It can hardly be said that this paragraph provides for a definite price where it offers no formula for computing prices other than the discretion of the supplier. Therefore, this paragraph does not rid plaintiff of its burden of establishing the reasonableness of its charges.

The only evidence pertaining to plaintiff's charges for the materials and services furnished to Albert Goedde are the statements of account and the stipulation. As we have noted, the statements of account are bills and cannot serve as proof that plaintiff's charges are fair and reasonable. (*Wing v. Lederer.*) Similarly, the stipulation may not be regarded as proof because it goes toward the accuracy of the billing process, not the reasonableness of each of the itemized charges.

Based upon the evidence before us, we hold that plaintiff has failed to discharge its burden of proof with respect to damages. We note that defendants have not claimed that the contract is invalid or that they have not received materials and services without cost from plaintiff during the period in question. Therefore, we affirm that part of the judgment finding defendants liable, but we reverse and remand for a new trial as to damages only.

As an alternate grounds for recovery, plaintiff contends that the judgment may be sustained as an account stated. In *Soft Water Service, Inc. v. M. Suson Enterprises, Inc.* (1976), 39 Ill. App. 3d 1035, 1040, 351 N.E.2d 264, 268, an account stated is defined as an "agreement between parties who have had previous transactions that the account representing these transactions is true, so that the balance is correct, together with a promise which may be express or by implication for payment of this balance." The agreement must manifest the mutual assent of the debtor and creditor. The meeting of the parties' minds as to the correctness of the account may occur where one party renders the account and the other party acquiesces thereto. (*Motive Parts Co. of America, Inc v. Robinson* (1977), 53 Ill. App. 3d 935, 369 N.E.2d 119; *Pure Torpedo Corp. v. Nation* (1945), 327 Ill. App. 28, 63 N.E.2d 600.) A party acquiesces when he retains an account without objecting to its correctness within a reasonable period of time. (*Motive Parts Co. of American v. Robinson*; *Malkov Lumber Co. v. Wolf* (1971), 3 Ill. App. 3d 52, 278 N.E.2d 481.) In the instant case, plaintiff alleges that defendants received plaintiff's monthly statement of account from 1972 through 1979 without objecting to the billings. According to plaintiff, the failure of defendants to contest the billings constituted an acquiescence and established an account stated.

■■ We note that recovery of damages predicated upon an account stated is a theory that was not presented in plaintiff's pleadings or at trial. In order to avoid any prejudice or surprise to defendants, we conclude that such a theory should not be entertained in this court. An appellate court should not consider theories of recovery not pursued below if proof might have been offered at trial to refute or overcome such a theory had it been presented. (*Hux v. Raben* (1967), 38 Ill. 2d 223, 230 N.E.2d 831.) However, an appellee may be permitted to defend a judgment by raising

an issue not previously ruled upon by the trial court provided the record contains a factual basis sufficient for the determination. (*Kravis v. Smith Marine, Inc.* (1975), 60 Ill. 2d 141, 324 N.E.2d 417.) Plaintiff in its brief stresses that defendants' acquiescence in the account stated is manifested by their alleged failure to object to the reasonableness of the charges contained in the monthly accounts. The most that may be said about proof of acquiescence is that it indicates that defendants offered no proof to establish that they ever expressed dissatisfaction with the billings. The first three counts of the amended complaint were directed against Mrs. Goedde on the theories of liability under the family expense act (Ill. Rev. Stat. 1979, ch. 40, par. 1015), breach of contract, and unjust enrichment, respectively. The fourth count was against Mr. Goedde based on forcible entry and detainer. Proof that defendants made a timely objection to the monthly account statements was immaterial concerning their respective liabilities under any of these theories. Therefore, defendants' failure to offer proof that they voiced an objection to the account statements does not permit us to conclude that no such objection was in fact made. Were we to conclude otherwise, we would be penalizing defendants on review for failing to present evidence immaterial to their case at trial as determined by the pleadings. Moreover, had defendants at the pleadings stage been apprised of an action based upon an account stated, we cannot say that they would have been unable to prove at trial that an objection was in fact made within a reasonable period of time. Therefore, plaintiff's reliance upon the theory of an account stated is untimely, and such a theory will not be utilized by this court to sustain the judgment.

Plaintiff finally contends that the judgment, as it pertains to counts I (family expense act) and IV (forcible entry and detainer act), ought to be sustained because defendants have never contested liability under these counts on appeal. We disagree.

Under each count of the amended complaint the measure of damages is the amount of the alleged unpaid monthly statements of account. Defendants in their brief and at oral argument have vigorously contested the reasonableness of the charges appearing in these statements of account. Although defendants dwell at length on the reasonableness of the charges in the context of contractual or quasi-contractual damages, we are of the opinion that this dissatisfaction is expressed broadly enough to encompass the damages awarded under counts I and IV, particularly since damages under these counts are predicated upon the same unpaid statements of account.

It is our conclusion that the trial court properly entered judgment in favor of plaintiff and against defendants; however, we further conclude that there is an insufficiency of evidence in the record to sustain the

damages awarded to plaintiff. Therefore, under the authority of Supreme Court Rule 366(a)(5) (Ill. Rev. Stat. 1979, ch. 110A, par. 366(a)(5)), we remand this cause to the trial court for a new hearing as to damages.

For the reasons expressed above, the judgment of the circuit court of St. Clair County is affirmed in part and reversed in part, and this cause is remanded for a new trial as to damages only.

Affirmed in part; reversed in part and remanded.

KARNS and HARRISON, JJ., concur.