VICTORY MEMORIAL HOSPITAL, Plaintiff-Appellant, v. MICHAEL RICE, Defendant-Appellee.

Second District    No. 85—0142

Opinion filed May 13, 1986.

Hayt, Hayt & Landau, of Evanston, and William S. Shapiro, of Donald S. Lavin, Ltd., of Chicago, for appellant.

James J. Hermann, Jr., of Waukegan, for appellee.

JUSTICE LINDBERG delivered the opinion of the court:

Plaintiff, Victory Memorial Hospital (Victory), appeals from the order of the circuit court of Lake County denying its motion for a new trial and rehearing based on the order granting defendant's motion for a directed verdict at the close of plaintiff's case.

Victory Memorial Hospital brought an action against defendant, Michael Rice, seeking payment for medical and hospital services allegedly rendered to him in connection with a gunshot wound incurred on July 17, 1981. Because of renal failure, defendant was transferred from St. Therese Hospital, where he was originally taken, to Victory Memorial Hospital which was equipped with the proper facilities to treat defendant's condition. Defendant received medical services as well as physical-therapy treatments at Victory. After his initial release, defendant was intermittently hospitalized for treatment of an ulcer on his toe, and he was also treated on an outpatient basis for this condition. During the last admission, defendant's toe was amputated. He was discharged from Victory on May 9,

1982. Although plaintiff admits that it received certain insurance payments, it states that other charges were not paid. On September 14, 1982, Victory brought the present action against Rice for the sums allegedly due and owing and which defendant refused to pay. At trial, plaintiff presented the testimony of the treating physician, the director of data processing, two assistant vice-presidents at Victory and defendant, Rice. At the end of plaintiff's presentation of evidence, defendant moved for a directed verdict which the trial court granted. The court ruled that there was not sufficient evidence presented to establish the reasonable value of the services rendered or that the services reflected on the bill were actually performed on the defendant.

Plaintiff contends on appeal that the trial court erred in ruling that the computer generated hospital bills could not be allowed into evidence as business records and that the only standard for assessing the reasonableness of hospital charges is what is usual and customary for the various hospitals in the area. Plaintiff further argues that even if the standard applied by the trial court was correct, plaintiff presented sufficient evidence of the charges of other hospitals in the area and established that certain services were in fact rendered to defendant. Additionally, plaintiff contends that the court erred in entering a directed verdict as to those hospital treatments for which defendant executed an agreement to pay plaintiff its normal charges for the services rendered.

■ According to the standards set forth in *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 510, a motion for a directed verdict should be granted only in those cases in which all of the evidence, when viewed in the aspect most favorable to the opponent, so overwhelmingly favors the movant that no contrary verdict based on the evidence could ever stand.

■ Plaintiff argues first that it presented sufficient evidence to establish a *prima facie* case entitling it to recover under an express contract based on the fact that defendant had voluntarily executed written agreements for certain of his admissions stating that he would pay Victory's regular charges for the services rendered that were not paid by insurance. In Illinois, however, where there is a contract, express or implied, under which one party supplies articles or services to another and there is no provision setting out the amount the supplier is to be compensated, the law implies that there is an agreement to pay a reasonable price for the goods and services. (*Protestant Hospital Builders Club v. Goedde* (1981), 98 Ill. App. 3d 1028.) Therefore, to recover under such a contract, the sup-

plier has the burden of proving that its charges were reasonable. Nevertheless, plaintiff argues that the agreement in question indicated a definite price, namely that the amount required would be the hospital's regular charges. Consequently, it claims that the above stated rule would not apply. We disagree. In *Protestant Hospital*, the agreement found wanting by the court stated that the patient would pay for services, the cost of which would be ultimately determined by the discretion of the supplier. In the present case, we view the contracts in question as being similarly indefinite with respect to price so as to require proof of the reasonableness of plaintiff's charges. We have reviewed the record, however, and conclude that plaintiff met its burden of proof.

■ With respect to the hospital bills which the court refused to admit into evidence as proof of the matter contained therein, it has been held to be error to admit hospital bills without evidence of payment or reasonableness, and evidence of the amount charged alone does not indicate reasonableness. (*Wicks v. Cuneo-Henneberry Co.* (1925), 319 Ill. 344; *Cooper v. Cox* (1961), 31 Ill. App. 2d 51.) Although the cases we have reviewed concerning medical expenses dealt with proof of damages in personal injury or death actions, we believe that the required evidentiary proof of reasonableness in those cases would be comparable to that required in the present case. Accordingly, we note that the testimony of the assistant credit manager of Michael Reese Hospital that he was familiar with the usual and customary charges for the services rendered to the patient and that the charges were reasonable was held to be sufficient in *American National Bank & Trust Co. v. Peoples Gas Light & Coke Co.* (1963), 42 Ill. App. 2d 163. It cannot be determined whether the witness in *American National* was referring to the usual and customary charges at Michael Reese Hospital or in the general community, an issue upon which the parties differ in the present case. At the present time no Illinois case clarifies this point.

To support the position that a relevant consideration when proving reasonableness should be the usual charges of the particular hospital, plaintiff cites *Rylander v. Chicago Short Line Ry. Co.* (1958), 19 Ill. App. 2d 29, *aff'd* (1959), 17 Ill. 2d 618, where certain unpaid hospital bills were allowed into evidence. The testimony with regard to the hospital bills was that the services were for a definite amount and that they were the usual and customary charges for the services by the Veterans' Hospital for patients who were able to pay for such services. The court found no error in the trial court's ruling that such evidence was admissible to satisfy the reasonableness test.

Defendant states, however, that *Rylander* does not support plaintiff's position because a VA hospital was involved in that case and that the charges were set by Federal regulation, a different method of charging from that of a private hospital. Although defendant's point is well taken regarding *Rylander*, we are of the belief that any assessment of the reasonableness of a private hospital's charges must include consideration and recognition of the particular hospital's costs, functions and services to make a valid determination of whether such charges were reasonable for that hospital alone or compared to the charges of other area hospitals. As an example, we note that in the present case defendant was transferred from St. Therese Hospital to Victory because Victory had the medical facilities which defendant required but which St. Therese lacked. Therefore, consideration of both the above-mentioned factors would be relevant when assessing the usual and customary charges of either hospital.

In any event, we find the testimony presented by plaintiff in the present case to have satisfied both inquires. There was ample evidence presented of the internal factors used by Victory to determine its various charges. There was also testimony by the assistant vice-president of finance that a survey was conducted among a random sampling of area hospitals questioning the prices charged by them for the most common procedures. Defense counsel objected to any reference to the contents of the survey, charging hearsay. Considering, however, the allowable testimony in *American National Bank & Trust*, it appears that the hospital's witness in the present case was familiar with the usual and customary charges for services at Victory as well as in the area in general and that this testimony would have sufficed to show reasonableness.

■ The underlying problem in the present case is that there was no direct statement by the physician or hospital witnesses that the charges were usual, customary or reasonable *in haec verba*. As stated, however, we believe that the totality of the evidence presented could have supported a finding of reasonableness of the charges by implication. To be kept in mind, also, is that the jury determines the weight to be given to even direct testimony of reasonableness and the jury need not award the entire amount testified to by a witness when awarding damages. (Annot., 12 A.L.R.3d 1347, 1386 (1967).) Since defendant was free to attack the reasonableness of the charges through cross-examination and presentation of his case, we conclude that the trial court erred in granting defendant's motion for a directed verdict on this basis.

■■ Plaintiff also argues that the trial court erred when it refused to admit the computerized bills into evidence as business records. In Illinois, business records supplied by a computer are admissible in evidence without testimony of the persons who made the entries in the regular course of business if it is shown that (1) the electronic computing equipment is recognized as standard; (2) the entries are made in the regular course of business at or reasonably near the time of the happening of the event recorded; and (3) the foundation testimony satisfies the court that the sources of information, method and time of preparation were such as to indicate its trustworthiness and justify its admission. (*Grand Liquor Co. v. Department of Revenue* (1977), 67 Ill. 2d 195; see *People v. Mormon* (1981), 97 Ill. App. 3d 556; see also 71 Ill. B.J. 590 (1983).

■ In the present case the court stated that there was insufficient proof that the items listed on the bills represented services actually performed on defendant. In other words, the court questioned the reliability and trustworthiness of the data before its entrance into the computer. The only method of verifying such information would have been to match the computerized bill against the original entry data. There was testimony that in order for the hospital to have produced all of the documents of original entry in the present case it would have been forced to inaugurate an extremely involved and time consuming retrieval process, especially since defendant had been hospitalized on several occasions and had been treated on an outpatient basis also. The record indicates that a hospital witness produced approximately 30 slips indicating certain laboratory tests that were done on defendant and the results of those tests. She matched them to the corresponding date and charge on the bill. The original slips in question were in five parts, the last part of which went to the data processing department to be entered into the computer by code number. In contrast to the other four portions of the slip, the part which went to the billing department contained only numbers which were fed into the computer by trained personnel. The trial court questioned the verification testimony because the slips produced by the witness were not the actual number-coded slips which were used to enter the data. Since the five slips in each packet contained the same information, however, and since the slips produced could be matched to the corresponding date and charge on the bill, as to those tests, the supporting documentation verifying the trustworthiness of the input information was sufficient in our opinion to show that defendant had been given the service for which he was charged.

■ In view of the rationale supporting prior decisions in Illinois regarding the admissibility of computerized evidence, we also conclude that the proper foundation was presented to establish that the source of information and method of preparation indicated trustworthiness and supported admission of the entire computerized bill. By way of contrast to the extensive, knowledgeable testimony in the present case, the rejected foundation testimony in *Department of Mental Health v. Beil* (1976), 44 Ill. App. 3d 402, merely established that the entries were made in the regular course of business, and in *In re Estate of Buddeke* (1977), 49 Ill. App. 3d 431, the hospital manager testified that she did not know anything about how the charges were fed into the computer. In *People v. Gauer* (1972), 7 Ill. App. 3d 512, 514, this court stated that considering the general use of electronic computing and recording equipment in the business world and the business world's reliance on the equipment, the scientific reliability of such machines can scarcely be questioned. The Illinois Supreme Court held in *Grand Liquor Co. v. Department of Revenue* (1977), 67 Ill. 2d 195, that computer printouts are admissible pursuant to Supreme Court Rule 238 (87 Ill. 2d R. 238) as long as the foundational tests set forth above, first expounded in the Mississippi case of *King v. State ex rel. Murdock Acceptance Corp.* (1969), 222 So. 2d 393, were met. Although in *King* the court stressed that the trial court must be satisfied from the foundation testimony that the sources of information, method, and time of preparation were such as to indicate trustworthiness and justify admission, we are of the opinion that in the present case the trial court erred in not admitting the computerized bill into evidence as a business record based on the foundational evidence offered. The jury would still be free to accord the bills as much weight as in their opinion they deserved.

We conclude, therefore, that the order of the trial court granting defendant's motion for a directed verdict should be reversed and the cause remanded for a new trial.

Reversed and remanded.

STROUSE and SCHNAKE, JJ., concur.