SHERMAN HOSPITAL, Plaintiff-Appellee, v. JEROME G. WINGREN *et al.*, Defendants-Appellants.

Second District   No. 2—87—0912

Opinion filed May 6, 1988.

Robert E. Gordon and Lawrence G. Gordon, both of Gordon & Gordon, Ltd., of Chicago, for appellants.

Ronald J. Hennings and Dale R. Wilson, both of Hayt, Hayt & Landau, of Evanston, for appellee.

JUSTICE REINHARD delivered the opinion of the court:

Plaintiff, Sherman Hospital, filed suit in the circuit court of Kane County seeking an amount allegedly due and owing from defendants, Jerome and Marguerite Wingren, for hospital services plus prejudgment interest pursuant to section 2 of "An Act in relation to the rate of interest and other charges in connection with sales on credit and the lending of money" (Ill. Rev. Stat. 1985, ch. 17, par. 6402). Plaintiff also sought, in a separate post-trial motion, sanctions pursuant to section 2—611 of the Civil Practice Law (Ill. Rev. Stat. 1985, ch. 110, par. 2—611). Following a bench trial, the trial court found for plaintiff and ordered defendants to pay $2,737.93 plus costs. After a post-trial hearing, the trial court ordered Gordon & Gordon, Ltd., defendants' attorneys, to pay to plaintiff $911.73 for plaintiff's attorney fees plus $90 in costs, as a sanction under section 2—611. Defendants appeal both the order assessing damages and costs against them as well as the sanction against their attorneys. On appeal, defendants contend that the trial court erred in awarding plaintiff the full amount sought in its complaint because plaintiff failed to establish that its bill was both reasonable and necessary. Defendants also contend that the trial court erred in invoking sanctions against their attorneys.

Defendant, Jerome Wingren, was hospitalized in Sherman Hospital for four days to undergo knee surgery. The bill for Wingren's hospital stay was $2,737.93. Wingren also filed a worker's compensation claim based on a work-related injury to his knee. On July 10, 1986, the claim was settled for an amount in excess of $35,000. As part of the settlement, Jerome Wingren agreed to pay the hospital bill. Additionally, his attorneys retained $4,000 of the settlement amount for the purpose of paying his medical expenses. No part of the hospital bill has ever been paid.

On November 17, 1986, the hospital filed suit against defendants, who never filed an answer or a motion to dismiss. Following plaintiff's pretrial motion for discovery-related sanctions, the matter came to trial on August 26, 1987.

Plaintiff offered the testimony of Ms. Barbara Tindall, an assistant patient accounts manager. Ms. Tindall testified that her department keeps records for hospital bills for all patients and collects the

patient accounts. She stated that Jerome Wingren's hospital bill reflected all of the charges and services rendered to him. She further testified that the prices listed on the bill were reasonable prices in the community in which the hospital is located for the services rendered.

Tindall also testified that the computer equipment used to generate the bill in question was standard computer equipment and that the entries on the bill were made in the regular course of business at or near the time of the event recorded. She stated that each day an error report is submitted to the hospital's data control clerk and then resubmitted to each department in order to ensure that billing errors will be corrected. On cross-examination, Tindall stated that she was not a physician but had a better idea than a physician would concerning the reasonableness of the charges in question. She admitted that she had not reviewed all of Jerome Wingren's medical records but stated that, based upon the services provided, the charges were reasonable. On redirect examination, Tindall testified that she was familiar with charges for similar services at other hospitals in the community and that the amounts charged here were reasonable for similar services in the community.

The trial court found for plaintiff and awarded it $2,737.93, the full amount of Wingren's bill. Additionally, following the trial court's finding, defendants moved for leave to file an answer and also to allow Jerome Wingren to verify defendants' answers to interrogatories and request to admit. Both motions were denied.

On September 9, 1987, a post-trial hearing was held at which arguments were heard on defendants' motion for a new trial and to vacate the August 26, 1987, order, and plaintiff's motion for section 2—611 sanctions. We need not relate the grounds alleged in the motion for sanctions in view of our disposition of this issue on a procedural basis rather than on the merits. The trial court denied defendants' motion and ordered defendants' attorney to pay plaintiff, as sanctions, $911.73 for its attorney fees plus $90 in costs and prejudgment interest.

■ Before addressing the merits of defendants' appellate contentions, we briefly note that their statement of facts contains both argument and comment in violation of Supreme Court Rule 341(e)(6) (107 Ill. 2d R. 341(e)(6)). Although appellate courts have been reluctant to impose sanctions for this type of violation, sanctions may become necessary to enforce respect for the rule. (*Midland Hotel Corp. v. Reuben H. Donnelly Corp.* (1986), 149 Ill. App. 3d 53, 58, 501 N.E.2d 1280.) We will consider this warning to be sufficient sanction in this case and address the merits of the appeal.

■ Defendants initially contend that plaintiff failed to prove at trial that its charges were reasonable and that the medical services provided were necessary. No issue is raised that the services were not performed. Although defendants maintain that plaintiff must prove, as part of its *prima facie* case, that the bills were both reasonable and necessary, there are no Illinois cases that have required a hospital to prove as part of its case the necessity of its services. Defendants did not raise the necessity of the services as a defense as they did not file an answer, nor did they present any evidence on this contention during trial. Defendants' reliance on *Donk Brothers Coal & Coke Co. v. Thil* (1907), 228 Ill. 233, 81 N.E. 857, is misplaced. In *Donk Brothers*, the supreme court addressed the requirement that a jury, in a personal injury lawsuit, consider evidence of money necessarily expended by a plaintiff for doctor's bills as an element of plaintiff's damages. (*Donk Brothers*, 228 Ill. at 241, 81 N.E. at 860.) That case did not address the issue presented by the facts of this contract case, and, as such, we find it unpersuasive.

■ This court, in *Victory Memorial Hospital v. Rice* (1986), 143 Ill. App. 3d 621, 493 N.E.2d 117, established what a plaintiff hospital must prove for damages in order to recover payment for its bills under an implied contract theory. A hospital must establish that its charges are reasonable in that they are the usual and customary charges of that particular hospital and are comparable to the charges of other area hospitals. (*Victory Memorial*, 143 Ill. App. 3d at 625, 493 N.E.2d at 120.) The hospital met that burden in this case.

■ Ms. Tindall, the assistant patient accounts manager, testified that the bill in this case reflected charges which were reasonable both in terms of what Sherman Hospital ordinarily would charge for the services rendered to Jerome Wingren and in regard to what other hospitals in the community would charge. Defendants did not offer any evidence to rebut plaintiff's witness and conducted only a cursory cross-examination.

Furthermore, we find no merit in defendants' contention that plaintiff failed to establish a proper foundation for Ms. Tindall's testimony as to what other hospitals in the community would charge for like services. Plaintiff's counsel asked Ms. Tindall, during redirect examination, if she was familiar with what other hospitals in the community would charge. She responded that she was. She then proceeded to testify that the charges of Sherman Hospital were reasonable and similar for the same or like services in the community. Under these circumstances, we find that plaintiff did establish the reasonableness of its bill and, therefore, affirm that part of the trial

court order awarding plaintiff $2,737.93 plus costs.

■ Defendants' next contention is that the trial court erred in invoking sanctions against their attorneys pursuant to section 2—611 of the Civil Practice Law (Ill. Rev. Stat. 1985, ch. 110, par. 2—611). We do not find it necessary to reach the merits of this contention, however, since defendants are not entitled to raise this issue of a sanction entered against their attorneys only.

An appellant can assign as error only those rulings which are prejudicial to him. (*Gordon v. Gordon* (1955), 6 Ill. 2d 572, 574, 129 N.E.2d 706; *Louis Marsch, Inc. v. Pekin Insurance Co.* (1985), 140 Ill. App. 3d 1079, 1086, 491 N.E.2d 432.) Although, under section 2—611 both a party and his attorney are subject to sanctions (see Ill. Rev. Stat. 1985, ch. 110, par. 2—611), the trial court here imposed sanctions on defendants' attorneys only, expressly finding that the attorneys' conduct caused the violation of section 2—611. Such a ruling did not prejudice any right of defendants nor would a reversal of that ruling benefit defendants in any fashion. We find, therefore, that defendants cannot raise on appeal the entry of section 2—611 sanctions against their attorneys and, accordingly, are not entitled to question that ruling on appeal.

The attorneys themselves could have appealed the order imposing sanctions, even though not a party to the underlying suit, because they had a direct, immediate, and substantial interest which was prejudiced by the order. See *In re Estate of Tomlinson* (1976), 65 Ill. 2d 382, 387, 359 N.E.2d 109; *Nicholson v. St. Anne Lanes, Inc.* (1987), 158 Ill. App. 3d 838, 842, 512 N.E.2d 127; *In re M.B.* (1985), 137 Ill. App. 3d 992, 995-98, 484 N.E.2d 1154.

■ Although plaintiff has requested attorney fees on appeal for deficiencies in defendants' appellate brief, no authority or reasoned argument is advanced for this contention, and it is waived for our consideration. See 107 Ill. 2d Rules 341(e)(7), (f).

For the foregoing reasons, we affirm the judgment of the circuit court of Kane County.

Affirmed.

LINDBERG, P.J., and UNVERZAGT, J., concur.