THE SISTERS OF THE THIRD ORDER OF ST. FRANCIS, Plaintiff-Appellee, v. DONALD O. SUMMERSON *et al.*, Defendants-Appellants.

Third District   No. 3—90—0821

Opinion filed August 9, 1991.

Leslie Kite, of Libit, Lindauer, Henry & Thall, of Chicago (Michael W. Pinsof, of counsel), for appellants.

Covey & Litterst, Ltd., of Peoria (Roland N. Litterst, of counsel), for appellee.

JUSTICE SLATER delivered the opinion of the court:

Plaintiff filed suit against defendants to recover upon an implied contract for medical services. This case comes on appeal from the judgment of the trial court granting plaintiff's motion for summary judgment and the entry of judgment in favor of plaintiff against defendants in the amount of $1,144.15 plus costs.

Defendant Linda Summerson was a patient at plaintiff hospital on June 9 through 12, 1988, and June 29 through July 4, 1988, for the purpose of surgery. Defendant's hospital records were subsequently reviewed by a consultant retained by their health care insurer who determined that the first day of each hospital stay was not medically necessary. The record indicates that defendant was placed in the hospital pursuant to her own decision or that of her doctor.

Plaintiff filed suit to collect its outstanding hospital bill for services provided to Mrs. Summerson. Defendants admitted that they owed the amount sought except for two days of hospital room charges in the amount of $500. Defendants filed an affirmative defense asserting the room charges were not medically necessary. Plaintiff filed a motion for summary judgment, attaching the bills incurred by defendants and two affidavits regarding plaintiff's procedure for processing and billing patients and the reasonableness of the specific charges to defendants. These affidavits were not refuted. After hearing arguments, the trial court granted plaintiff's motion for summary judgment and entered judgment against defendants.

The issue presented on appeal is whether the trial court erred in granting plaintiff's motion for summary judgment where the defendants raised the affirmative defense that part of the services provided were not medically necessary. We affirm.

■ Defendants first argue that public policy and statutory guidelines necessitate consideration of the affirmative defense of medical necessity. Defendants, however, cite no cases or other authority which indicates that the public and social policy of this State required the trial court to make a determination of medical necessity in this case. Secondly, and more significantly, defendants cite many cases which hold that the medical necessity of services provided by a hospital or doctor is a question of fact to be decided after a hearing on the merits. (See *Blue Cross & Blue Shield of Kentucky, Inc. v. Smither* (Ky. App. 1978), 573 S.W.2d 363; *Lockshin v. Blue Cross* (1980), 70 Ohio App. 2d 70, 434 N.E.2d 754; *Haggard v. Blue Cross-Blue Shield* (Ala. 1980), 401 So. 2d 781, *aff'd* (Ala. 1981), 401 So. 2d 783; *Sarchett v. Blue Shield* (1987), 43 Cal. 3d 1, 729 P.2d 267, 233 Cal. Rptr. 76.) These cases, however, are actions by insured parties against insurers. The question of medical necessity was relevant to whether the insurers were obligated to provide coverage to their insureds for treatment received which the insurers considered medically unnecessary. Here, the hospital is suing its patient for services rendered at the request of the patient or her own private treating physician.

Defendants further cite the cases of *Darling v. Charleston Community Memorial Hospital* (1965), 33 Ill. 2d 326, 211 N.E.2d 253, and *Ferguson v. New England Mutual Life Insurance Co.* (1990), 196 Ill. App. 3d 766, 554 N.E.2d 1013, to support their lack of medical necessity argument. In *Darling*, plaintiff sued the defendant hospital for negligent medical and hospital treatment. Part of the hospital's defense was that it was not responsible for the actions of its nurses or the attending physician who was on call in the hospital's emergency room. The court held that hospitals, by the employment of nurses and doctors, have taken on greater responsibilities in patient care and are therefore held to a standard of conduct comparable to similar facilities in the area. (*Darling*, 33 Ill. 2d 326, 211 N.E.2d 253.) This case does not involve any form of alleged negligent conduct by the hospital in the performance of its patient care.

In *Ferguson*, plaintiff patient sued her doctor for breach of contract in failing to provide services which were medically appropriate. The court held that whether the doctor's services were medically appropriate was a question of fact which could not be resolved on a motion to dismiss. (*Ferguson*, 196 Ill. App. 3d 766, 554 N.E.2d 1013.)

This case does not involve the appropriateness of the services rendered to determine whether plaintiff was negligent in the care it provided.

■ We consider *Sherman Hospital v. Wingren* (1988), 169 Ill. App. 3d 161, 523 N.E.2d 220, on point. In *Sherman Hospital,* plaintiff hospital sued defendant patient for services rendered and defendant, on appeal, raised the issue of medical necessity of the services rendered. Although the court determined that defendant had waived this defense, the court noted that "no Illinois cases *** have required a hospital to prove as part of its case the necessity of its services." (*Sherman Hospital,* 169 Ill. App. 3d at 164, 523 N.E.2d at 222.) Citing *Victory Memorial Hospital v. Rice* (1986), 143 Ill. App. 3d 621, 493 N.E.2d 117, the court held that a hospital seeking recovery for services rendered must prove only that its charges are reasonable by showing they are customary and usual as compared to other area hospitals. *Sherman Hospital,* 169 Ill. App. 3d 161, 523 N.E.2d 220.

Defendants in this case are, in effect, suggesting that the hospital should not be able to rely upon defendants' physician's request, but must instead get a second opinion prior to admitting a patient. This creates an undue burden upon plaintiff. Had the requesting physician been employed by plaintiff, medical necessity could arguably be a defense, but that is not the case herein.

Plaintiff has established its *prima facie* case through the affidavits of its employees. Defendants have not refuted these affidavits and, therefore, summary judgment was appropriate. The trial court decision is affirmed.

Affirmed.

McCUSKEY and BARRY, JJ., concur.