ABDUL MAJID, Plaintiff-Appellee, v. ROBERT STUBBLEFIELD, Defendant-Appellant (Jean Stubblefield, Defendant).

Third District   No. 3—91—0487

Opinion filed March 20, 1992.

Charles L. Bretz and E. Kent Ayers, both of Spesia & Ayers, of Joliet (Neil T. Goltermann, of counsel), for appellant.

Robert Steele, of Aplington, Kaufman, McClintock, Steele & Barry, Ltd., of La Salle (Raymond R. Nolasco, of counsel), for appellee.

JUSTICE McCUSKEY delivered the opinion of the court:

Defendant, Robert Stubblefield, appeals a judgment in the amount of $250 entered in favor of the plaintiff, Dr. Abdul Majid. For reasons

which follow, we affirm in part, reverse in part, and modify the judgment.

Dr. Majid filed a small claims complaint against Robert and Jean Stubblefield seeking $250 in unpaid medical fees. Dr. Majid charged $100 for an office consultation and $750 for surgery performed on February 7, 1989, which involved kidney stone manipulation and removal (the surgery). Robert Stubblefield and Dr. Majid had no agreement concerning the amount of doctor's fees. Stubblefield paid only $75 toward the office consultation and only $525 for the surgery. Stubblefield refused to pay $250 of the medical fees which he claimed were excessive and unreasonable.

At the beginning of the bench trial, the trial court stated:

> "I indicated before we began and Mr. Steele made a motion that Rule 286(b) applies; therefore, the only objections that I will entertain would be as to relevancy. Everything is admissible that's relevant."

We note "Rule 286(b)" referred to by the trial court is Supreme Court Rule 286(b) (134 Ill. 2d R. 286(b)). Also, Stubblefield's counsel did not object to this procedure.

Patty Harvey, Dr. Majid's secretary and office manager, was the plaintiff's only witness. The gist of Harvey's testimony was that Dr. Majid's charges of $100 for Stubblefield's office consultation and $750 for his surgery were the usual and customary charges in La Salle, Bureau, and Grundy Counties for this type of urological procedure. Harvey based her opinion upon telephone calls she made to the office secretaries of Dr. Levisay in Spring Valley and Dr. Baxi in Streator. These are the only other urologists in La Salle, Bureau, and Grundy Counties. Dr. Levisay's office said he would charge $1,800 for the surgery. Dr. Baxi's office said he would charge $1,078.56. Harvey did not talk personally to either doctor.

Following Harvey's testimony, the defendant moved for a directed finding in his favor. The trial court responded by saying:

> "Motion is denied. If the case were not tried under 286(b), the result might be different as far as the proof of reasonable and customary charges. But the witness checked with all others in the area, and granted an increase over a two-year period, the charge in this case is substantially less than the others charge in the area."

The defense called Dr. Robert Hertenstein, the medical director of group insurance for Caterpillar, Inc. Dr. Hertenstein collects, analyzes, and compares data from medical claims throughout the United States. He testified that he is familiar with the fees charged by doc-

tors for various medical procedures in different geographic regions. Dr. Hertenstein said he found a uniformity in medical fees charged throughout Central Illinois.

Dr. Hertenstein reviewed Dr. Majid's medical records pertaining to Robert Stubblefield's surgery. He determined that Stubblefield's surgery was not complicated. He stated the surgical procedure involved about 10 minutes. He then compared 19 area doctors' claims for the same type surgery. The surgical charges he reviewed ranged from $480 to $525. Dr. Hertenstein also testified that two urologists in Aurora, Illinois, charged $545 for the same surgery. He stated that in his opinion $525 would be the usual and customary fee in Dr. Majid's geographical area for performing this surgery. Dr. Hertenstein concluded that Dr. Majid's $750 surgical fee was excessive.

Dr. Hertenstein also determined that Dr. Majid's office consultation with Stubblefield was an intermediate type consultation as opposed to either a brief or complex consultation. Dr. Hertenstein testified that he reviewed 299 claims in Dr. Majid's general area to analyze the cost of similar intermediate office consultations. He determined that the usual and customary fee for an intermediate office consultation in Dr. Majid's area was $75. He concluded that Dr. Majid's $100 consultation fee was excessive.

Dr. Hertenstein admitted on cross-examination: (1) he had not reviewed any surgery claims from Dr. Levisay or Dr. Baxi; (2) he based his opinion solely upon information received from doctors based in Peoria, Canton, Bloomington, and Pontiac; and (3) the 19 claims for surgery he analyzed were not from Bureau, La Salle, or Grundy County.

Following the bench trial, the trial court entered a $250 judgment against Stubblefield. The trial court in the judgment order noted "that a different result would have occurred without the use of Supreme Court Rule 286(b)."

Stubblefield claims on appeal the trial court made the following errors: (1) it improperly applied Supreme Court Rule 286(b); (2) it abused its discretion by allowing into evidence certain portions of Patty Harvey's testimony; (3) it erred in denying his motion for a directed finding; (4) it erred in determining what area or community should be considered for the purpose of calculating the usual and customary medical fees; and (5) its findings were contrary to law and against the manifest weight of the evidence.

■ First, we will review whether the trial court improperly applied Supreme Court Rule 286(b), which provides in part:

"In any small claims case where the amount claimed by any party does not exceed $1,000, the court may, on its own motion or on motion of any party, adjudicate the dispute at an informal hearing. At the informal hearing all relevant evidence shall be admissible and the court may relax the rules of procedure and the rules of evidence." (134 Ill. 2d R. 286(b).)

Stubblefield has cited no case which would preclude the use of Supreme Court Rule 286(b) in a small claims case where the amount claimed does not exceed $1,000. Stubblefield argues this rule should most appropriately be applied *only* in cases involving *pro se* litigants. Again, he offers no law to support this position. We reject this argument as having no merit. The rule is unambiguous and does *not* state any distinction between *any* class of litigants involved in small claims cases not exceeding $1,000. We have already noted that Stubblefield did not object at trial to the trial court's use of this procedure. Therefore, we find Stubblefield acquiesced in the informal trial procedure which relaxed the rules of evidence. Our review of the record indicates that Patty Harvey's testimony, while otherwise inadmissible hearsay, is relevant evidence admissible under the relaxed rules of evidence allowed by Supreme Court Rule 286(b). Therefore, we do not find the trial court abused its discretion either by invoking the use of Supreme Court Rule 286(b) or by allowing into evidence otherwise inadmissible hearsay.

■ Next, we review whether the trial court erred in denying Stubblefield's motion for a directed verdict. The standard on review for determining whether a verdict should have been directed is found in *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504, wherein the supreme court stated:

"[V]erdicts ought to be directed and judgments *n.o.v.* entered only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand." 37 Ill. 2d at 510, 229 N.E.2d at 513-14.

In ruling on a motion for directed verdict at the close of the plaintiff's case in a bench trial, the trial court is to weigh the evidence, pass on the credibility of the witness, and further consider the weight and quality of all the evidence including that which is favorable to the defendant. (*Hemken v. First National Bank* (1979), 76 Ill. App. 3d 23, 25, 394 N.E.2d 868, 871.) The trial court's decision is to be reversed only when it is contrary to the manifest weight of the evidence. (*City of Evanston v. Ridgeview House, Inc.* (1976), 64 Ill. 2d 40, 58, 349 N.E.2d 399, 408.) We find Patty Harvey's testimony was sufficient to

support the trial court's decision to deny Stubblefield's motion for directed verdict. The trial court clearly noted for the record that its decision would have been different were it not for Supreme Court Rule 286(b). We agree. We find no abuse of the trial court's discretion.

■ Additionally, Stubblefield argues the trial court erred in determining what area or community should have been considered for the purpose of calculating Dr. Majid's usual and customary fees. Stubblefield cites *Victory Memorial Hospital v. Rice* (1986), 143 Ill. App. 3d 621, 493 N.E.2d 117, as the leading case establishing what a medical provider must prove in order to recover payment for its bills under an implied contract theory. We agree. *Victory Memorial Hospital* held that when a hospital seeks to establish its charges are reasonable, the hospital must prove its charges are the usual and customary charges for that particular hospital *and* they are comparable to the charges of other area hospitals. (*Victory*, 143 Ill. App. 3d at 624-25, 493 N.E.2d at 119-20.) While *Victory Memorial Hospital* dealt solely with hospital charges, we find that its holding also extends to doctors' fees.

In the instant appeal, the trial court determined that the only area it would consider when calculating the reasonableness of Dr. Majid's fees was the area which included Spring Valley, Morris, and Streator. The trial court announced its reasoning when it denied Stubblefield's motion to reconsider. The trial court explained its determination as follows:

> "With respect to the area in question, it is conceded that there are no cases on this subject with respect to medical bills so we rely on the area in question in medical malpractice cases. And being somewhat familiar with that I submit that Peoria is not included, that the area would be that area covered by the three prices that were considered by the Trial Court—the Court at trial being Spring Valley, Morris, and Streator.
>
> *** So I find that the area in question is that of the Illinois Valley and does not include any communities of 50,000 or more such as Bloomington, Aurora, or Peoria."

Based upon our review of the record, we find that the trial court based its decision upon Patty Harvey's testimony when it determined the appropriate geographical area to be used in calculating the reasonableness of Dr. Majid's fee. Harvey testified that the three urologists located in Streator, Spring Valley, and Morris were the only urologists in La Salle, Bureau, and Grundy Counties. Her testimony was uncontradicted. Stubblefield alleges the trial court erred when it did not expand the geographical area to include the larger urban areas of Peoria, Bloomington, and Aurora. We note these urban areas are

many miles away from Dr. Majid's general area of practice, which is located in La Salle, Bureau, and Grundy Counties. Stubblefield has cited no cases which would compel this court to find the trial court abused its discretion when making its determination. Based on the evidence, we find no abuse of discretion. Furthermore, we find the trial court's determination of the appropriate geographical area to be supported by the manifest weight of the evidence.

■ Finally, Stubblefield argues the trial court's findings were against the manifest weight of the evidence and contrary to law. A court of review should not disturb a trial court's findings and substitute its own opinion unless the findings are against the manifest weight of the evidence. (*Greene v. City of Chicago* (1978), 73 Ill. 2d 100, 110, 382 N.E.2d 1205, 1210.) For a judgment to be against the manifest weight of the evidence, it must appear that a conclusion opposite to that reached by the trier of fact is clearly evident. (*In re Application of Kane County Collector* (1985), 135 Ill. App. 3d 796, 805, 482 N.E.2d 161, 167.) Stubblefield alleges the record is barren of any evidence which would support the finding that Dr. Majid's $750 surgical charge was reasonable. We disagree. A brief review of the evidence shows that Dr. Majid's office manager, Patty Harvey, testified the surgical fees charged by Dr. Levisay and Dr. Baxi exceeded those of Dr. Majid. The record is uncontradicted that these three doctors are the only urologists practicing in La Salle, Grundy, and Bureau Counties. While Dr. Hertenstein found Dr. Majid's surgery fee to be excessive, we note he not not review the surgical fees of Dr. Levisay or Dr. Baxi. Nor did Dr. Hertenstein analyze any other medical data from La Salle, Bureau, and Grundy Counties. All of the medical information reviewed by Dr. Hertenstein came from Peoria, Bloomington, Canton, Pontiac, and Aurora. The trial judge as fact finder occupies a better position than a reviewing court to weigh the evidence and observe the manner and demeanor of the witnesses. Our review of the record indicates there is sufficient evidence to support the trial court's finding that Dr. Majid's $750 surgical fee was reasonable and not excessive.

However, we cannot find any evidence to support the trial court's determination that Dr. Majid's $100 office consultation fee was reasonable. Our review of the record indicates that Patty Harvey made *no* inquiry of Dr. Levisay and Dr. Baxi concerning their office consultation fees. Accordingly, the trial court is reversed on this finding.

Where there is a contract, be it express or implied, the law in Illinois implies that there is an agreement to pay only a reasonable price for the goods and services where there is no provision setting out the

amount the supplier is to be compensated. (*Protestant Hospital Builders Club v. Goedde* (1981), 98 Ill. App. 3d 1028, 1031, 424 N.E.2d 1302, 1305.) Dr. Majid failed to carry his burden of proof when he presented *no* evidence concerning the reasonableness of his office consultation fee. The record shows that prior to this litigation, Stubblefield paid $75 toward Dr. Majid's office consultation bill. We also find that Dr. Hertenstein determined $75 would be the usual and customary fee for Dr. Majid's office consultation.

Therefore, pursuant to our authority under Supreme Court Rule 615(b) (134 Ill. 2d R. 615(b)), we hereby modify the judgment order to reflect our finding in this case that $75 is the usual and customary fee for Dr. Majid's office consultation.

Accordingly, we enter judgment in favor of Dr. Majid in the amount of $225. The judgment of the circuit court of La Salle County is affirmed in part, reversed in part, and modified.

Affirmed in part; reversed in part and modified.

GORMAN and HAASE, JJ., concur.