No. 2--96--0508

________________________________________________________________

                                     

                                  IN THE

                        APPELLATE COURT OF ILLINOIS

                              SECOND DISTRICT

________________________________________________________________

JERRY CHABOWSKI,                     )  Appeal from the Circuit Court

                                     )  of Lake County.

     Plaintiff-Appellant,            )

                                     )  No. 94--L--1604

v.                                   )

                                     )

VACATION VILLAGE ASSOCIATION,        )  

ROBERT DePAUW, and FRANK HAUSER,     )  Honorable

                                     )  Bernard E. Drew, Jr.,

     Defendants-Appellees.           )  Judge, Presiding.

________________________________________________________________

     JUSTICE RATHJE delivered the opinion of the court:

     Plaintiff, Jerry Chabowski, appeals the dismissal with

prejudice of his complaint against defendants, Vacation Village

Association, Robert DePauw, and Frank Hauser.  Plaintiff raises the

following issues for our consideration: (1) whether the court

committed procedural error by not specifying the reasons for the

dismissal; (2) whether the dismissal was an abuse of discretion;

and (3) whether the court erred in awarding defendants attorney

fees of $375.  We affirm. 

     Plaintiff filed a complaint against defendants, alleging

breach of an employment contract, lost wages, libel, slander, and

intentional interference with contractual relations.  On April 11,

1995, the case was dismissed for want of prosecution.  Plaintiff

then filed a "motion to vacate default judgment," although no

default judgment had been entered.  The court struck plaintiff's

motion when neither plaintiff nor his attorney appeared at the

hearing on the motion.  Plaintiff then refiled his still

incorrectly titled motion.    On June 5, 1995, the court granted

the motion and vacated the dismissal order.

     On November 8, 1995, defendants filed a motion to compel

plaintiff's deposition within seven days.  In the motion,

defendants stated that plaintiff's deposition had been scheduled

for October 27, but that plaintiff's attorney, Robert Emery,

cancelled it the day before.  The parties agreed to reschedule the

deposition for November 2, but on that day defendants' attorneys

contacted Emery and found out that plaintiff would again not be

appearing.  Emery failed to contact defendants' attorneys to

reschedule, and defendants asked the court to compel plaintiff to

give his deposition within seven days.  The court ordered 

plaintiff to give the deposition within 19 days.

     On December 5, 1995, defendants moved to dismiss with

prejudice plaintiff's complaint because of plaintiff's failure to

comply with discovery.  In the motion, defendants pointed out that

plaintiff had twice again failed to show up for his deposition

within the court's 19-day deadline.  Defendants argued that, when

plaintiff failed to show up on November 22, their attorneys called

Emery's office and found out that plaintiff would not be appearing

and that Emery had faxed a cancellation letter the night before. 

Defendants then rescheduled the deposition for December 4, the

nineteenth day, but gave Emery the option of suggesting a different

date if that one was not satisfactory.  Plaintiff failed to appear

for his deposition on December 4.  Defendants asked the court to

dismiss the complaint with prejudice as a sanction pursuant to

Supreme Court Rule 219(c)(v) (Official Reports Advance Sheet No. 20

(September 27, 1995), R. 219(c)(v), eff. January 1, 1996).

     Neither plaintiff nor Emery appeared at the hearing on the

motion to dismiss, and the court granted the motion.  Plaintiff

then filed a motion to vacate, arguing that he had arrived 15

minutes too late for the hearing.  The court granted the motion,

but awarded defendants $375 in attorney fees.  The court gave

plaintiff 14 days to respond to the motion to dismiss, gave

defendants 7 days to reply, and set the matter for hearing on

March 18, 1996.  The hearing was continued to March 27, at which

time the court granted defendants' motion to dismiss with

prejudice.

     On appeal, plaintiff first argues that the court committed

procedural error by not indicating in writing the reasons for its

decision.  Plaintiff points out that a recent amendment to Rule 219

provides in part:

          "Where a sanction is imposed under this paragraph (c),

     the judge shall set forth with specificity the reasons and

     basis of any sanction so imposed either in the judgment order

     itself or in a separate written order." Official Reports

     Advance Sheet No. 20 (September 27, 1995), R. 219(c), eff.

     January 1, 1996.

This requirement became effective approximately three months before

the judge entered the dismissal order.  However, case law has

imposed a similar requirement.  Plaintiff cites Spiegel v.

Hollywood Towers Condominium Ass'n, 283 Ill. App. 3d 992 (1996),

Walton v. Throgmorton, 273 Ill. App. 3d 353 (1995), and Martinez v.

Pfizer Laboratories Division, 216 Ill. App. 3d 360 (1991), for the

proposition that, when a court dismisses a cause of action as a

discovery sanction, it must specify the grounds upon which it is

basing the dismissal.

     Spiegel involved monetary sanctions under Supreme Court Rule

137 (155 Ill. 2d R. 137), not a dismissal pursuant to Rule 219(c). 

The court did not reverse the sanctions, finding that the

transcript showed that the trial judge had articulated the basis

for the sanctions.  In Walton, the court dismissed a cause of

action as a discovery sanction, but the defendant had not asked it

to do so.  The appellate court could not find sufficient support in

the record for the decision and therefore reversed.  In Martinez,

the trial court dismissed plaintiff's complaint as a discovery

sanction, and the appellate court reversed, finding the trial

judge's decision was not supported by the record.  The court stated

that "a trial court cannot choose the more drastic path of

dismissing a claim without giving specific reasons subject to

review."  Martinez, 216 Ill. App. 3d at 374-75.

     Here, the trial court did not state reasons for the dismissal,

but the dismissal order was entered pursuant to a written motion by

defendants.  Thus, we can assume that the reasons for the dismissal

are those set out in defendants' motion.  Further, the dilatory

conduct of plaintiff's counsel is apparent from the record. 

Plaintiff chose not to file any reports of proceedings or to

prepare a bystander's report, and therefore we cannot determine if

the trial judge discussed the reasons for its decision at the

hearing on the motion to dismiss.  The appellant has the burden to

present a sufficiently complete record of the proceedings at trial

to support a claim of error, and, in the absence of such a record

on appeal, it will be presumed that the order entered by the trial

court was in conformity with the law and had a sufficient factual

basis.  Foutch v. O'Bryant, 99 Ill. 2d 389, 391-92 (1984).  Any

doubts arising from the incompleteness of the record will be

resolved against the appellant.  Foutch, 99 Ill. 2d at 392. 

Although we recognize that Rule 219(c) requires the court to state

its reasons in writing, we do not believe that the failure of the

court to do so is per se reversible error, particularly where, as

here, the trial court's order grants a written motion that spells

out the reasons for the dismissal and those reasons are supported

by the record.

     We next consider the merits of the trial court's decision to

dismiss plaintiff's case with prejudice.  We initially note that we

will reverse the trial court's decision to impose a particular

sanction only when the record establishes an abuse of discretion. 

American Family Insurance Co. v. Village Pontiac-GMC, Inc., 223

Ill. App. 3d 624, 627 (1992).  The supreme court held in Sander v.

Dow Chemical Co., 166 Ill. 2d 48, 67-68 (1995), that dismissing a

cause of action with prejudice is a drastic sanction that should 

be employed only when other enforcement actions have failed. 

Further, the court explained that a court should dismiss a cause of

action for a party's failure to abide by a court's orders only when

the party has shown a "deliberate and contumacious disregard for

the court's authority."  Sander, 166 Ill. 2d at 68.  In Sander, the

supreme court held the dismissal was proper because the plaintiffs

had violated four court orders setting deadlines for amended

pleadings, failed to reply to a motion for a protective order, and

continually repleaded matters that had been stricken.

     Plaintiff suggests that a party must violate more than one

court order before the court may rely on a dismissal with prejudice

as a sanction.  We disagree.  Sander requires only that a party

demonstrate a deliberate and contumacious disregard for the court's

authority.  The type of conduct that can evince a deliberate and

contumacious disregard for the court's authority is obviously

varied and will differ from case to case.  However, Sander also

explained:

     "Where it becomes apparent that a party has willfully

     disregarded the authority of the court, and such disregard is

     likely to continue, the interests of that party in the lawsuit

     must bow to the interests of the opposing party."  Sander, 166

     Ill. 2d at 69.

We believe this is such a case.

     Plaintiff's counsel has shown a disregard for the court's

authority throughout the lawsuit.  The lawsuit was originally

dismissed for want of prosecution when plaintiff's attorney failed

to show up for a progress call.  Plaintiff then moved to vacate the

dismissal and set the matter for a hearing, but then failed to show

up for the hearing, and his motion was stricken.  After the cause

was reinstated, plaintiff twice cancelled his deposition. 

Defendants sought the court's assistance in compelling plaintiff's

deposition.  The court gave plaintiff 19 days to give his

deposition, and plaintiff cancelled two more times within the 19-

day period.  Defendants then moved to dismiss, and the cause was

dismissed when plaintiff's attorney failed to show up at the

hearing.  The court then agreed to vacate the dismissal and set the

matter for a hearing, but sanctioned plaintiff's counsel by

ordering him to pay $375 in attorney fees to defendants.  After a

hearing, the court agreed that the cause should be dismissed with

prejudice.  Thus, it was not just that the plaintiff violated one

court order, but that he showed a lack of respect for the court's

authority by continually failing to show up for court and by

failing to comply with discovery.  Once he failed to show up for

the hearing on his own motion to vacate a dismissal.  Plaintiff's

counsel's conduct was consistent throughout this cause, and there

was no reason for the trial court to assume that it would improve. 

Plaintiff's counsel showed a deliberate and contumacious disregard

for the court's authority, and we find no abuse of discretion by

the trial court.

     Finally, plaintiff argues that his attorney should not have

been sanctioned $375 for attorney fees.  Defendants respond that

plaintiff does not have standing to appeal a sanction entered

solely against his attorney.  Plaintiff relies on a fifth district

case, Dunaway v. Ashland Oil, Inc., 189 Ill. App. 3d 106, 109-10

(1989), for the proposition that a reviewing court will consider

such an appeal and will join the attorney as a party appellant. 

However, plaintiff fails to mention that Dunaway explained that it

declined to follow a second district case, Sherman Hospital v.

Wingren, 169 Ill. App. 3d 161 (1988).  The rule we have applied in

this district is that a party does not have standing to appeal an

award of sanctions imposed solely against his attorney.  Sherman,

169 Ill. App. 3d at 165; see also Northern Trust Co. v. Brentwood

North Nursing & Rehabilitation Center, Inc., 225 Ill. App. 3d 1039,

1041 (1992)(plaintiff lacks standing to argue relating to detriment

suffered by its attorneys when attorneys did not file notice of

appeal).  Therefore, we conclude that plaintiff does not have

standing to argue the sanction imposed against his attorney.

     The judgment of the circuit court of Lake County is affirmed.

     Affirmed. 

     INGLIS and BOWMAN, JJ., concur.